CHARLES B. TEAGUE *vs.* JOHN B. MARTIN & another.

Middlesex.    October 17, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Agency.    Partnership.    Motor Vehicle.*

In an action against two partners, carrying on as a firm the business of roofers, for personal injuries sustained by the plaintiff from being run into when he was riding a bicycle on a highway by a motor truck belonging to the partnership and negligently driven by one of the defendants, it appeared that at the time of the accident the other defendant was on a vacation in another State and that defendant contended that his partner who was driving the truck was using it for his own private purposes at the time of the collision. The defendant who was driving the truck never had used it before except on business of the firm. He testified that when the collision occurred he had been out with the truck for more than two hours and was returning to his place of business. He testified further that at the time of the collision he was using this business truck solely for pleasure driving and that he had driven only six or seven miles. There was evidence from which it could be inferred that he was returning from an inspection of the partnership work that had been going on that day. The judge refused to rule at the request of the other defendant that there was no evidence that at the time of the accident the partner driving the truck was acting within the scope of the partnership business and that there was no evidence that the partner driving the truck was acting as the agent of the other defendant. *Held*, that the refusal to make these rulings was right.

If two partners own as partnership property a motor truck used in the partnership business, and one of the partners gives to the other permission to use the truck for pleasure trips, and if, while the partner to whom this permission is given is using the truck on a pleasure drive not on account of the business of the firm, he negligently runs down a traveller who is riding a bicycle on a highway, the absent partner, who lent his share in the motor truck to his copartner

for pleasure purposes, is not liable to the injured traveller, because the loan for the outside purpose did not create an agency.

TORT against John B. Martin and Richard J. Clark jointly, as copartners engaged in the roofing business, for personal injuries sustained by the plaintiff on the afternoon of August 25, 1915, when he was riding his bicycle across Powder House Square in Somerville, from being run into by a motor truck belonging to the defendants jointly as partners and being driven negligently by the defendant Clark. Writ dated December 20, 1915.

The defendants answered separately. The answer of the defendant Martin contained a general denial and an allegation that the plaintiff was not in the exercise of due care and was guilty of negligence which contributed to his injury.

In the Superior Court the case was tried before *Wait*, J. The evidence bearing on the liability of the defendant Martin is described in the opinion. That defendant asked the judge to make the following rulings:

"1. That upon all the evidence the plaintiff is not entitled to recover against the defendant John B. Martin.

"2. There is no evidence that the defendant Clark was lawfully acting as the agent of the defendant Martin at the time of the accident, in consequence of which the plaintiff cannot recover against the defendant Martin.

"3. There is no evidence that the defendant Clark at the time of the accident was acting within the scope of the partnership business.

"4. If the defendant Clark, without the knowledge or consent of the defendant Martin, took the auto truck and went for a ride on his own personal account and in no way on account of the business of the firm, and while so engaged collided with the plaintiff's bicycle, the defendant Martin will not be liable."

"10. There is no affirmative evidence that at the time of the alleged accident the defendant Clark was in the employ of the defendant Martin, or was acting within the scope of his employment, in the absence of which the plaintiff cannot recover against the defendant Martin."

The judge refused to make any of these rulings as requested, but gave as an instruction to the jury the fourth ruling in a modified form as follows: "If the defendant Clark, without the knowl-

edge or consent of the defendant Martin, took the auto truck and went for a ride on his own personal account and in no way on account of the business of the firm, and while so engaged collided with the plaintiff's bicycle, the defendant Martin will not be liable, unless he had authorized such use for general purposes of pleasure."

The jury returned a verdict against both defendants in the sum of $400; and the defendant Martin alleged exceptions.

*J. Cummings,* for the defendant Martin.

*H. W. Packer,* for the plaintiff.

DE COURCY, J. The plaintiff, while riding a bicycle in Powder House Square, Somerville, was struck by a motor truck owned by both defendants as copartners, and driven at the time by the defendant Clark. No dispute arises as to the plaintiff's due care or Clark's negligence. The question of Martin's liability is raised by his exceptions to the judge's refusal to give the rulings requested by him numbered one, two, three and ten.

There was evidence which warranted the submission of that issue to the jury. The truck was owned by the partners, used for partnership business, registered in the firm name, and had "Martin & Clark" inscribed thereon. One of the partners was operating it at the time of the accident. All of the business of the firm on that day consisted of two roofing jobs in Watertown and Newton, and a gang of six men had been sent to do the work under the exclusive direction of a foreman. The defendant Martin was in New Hampshire on his vacation. Clark, who never had used the truck except on firm business, on his own testimony had been out with it for more than two hours, and was returning to his place of business from the direction of Newton when the collision occurred. There was testimony that there were kegs in the truck at the time. The jury well might discredit his statement that he was using this business truck solely for pleasure driving, and had driven only six or seven miles; and could infer from the facts in evidence that he was returning from an inspection of one or both of the partnership jobs, made in the absence of his copartner. *Heywood* v. *Ogasapian,* 224 Mass. 203. These four requests were denied rightly.

The fourth request was: "If the defendant Clark without the knowledge or consent of the defendant Martin, took the auto

truck and went for a ride on his own personal account and in no way on account of the business of the firm, and while so engaged collided with the plaintiff's bicycle, the defendant Martin will not be liable." The judge gave this, but added, against the objection of the defendant, "unless he had authorized such use for general purposes of pleasure." Martin's exception to this modification of his request was well taken. He would be liable for a tort committed by Clark in the course and within the scope of the business of the firm. This is on the principle that partners are the general agents of each other while so transacting the partnership business. *Moreton* v. *Hardern,* 4 B. & C. 223; *S. C.* 6 Dowl. & Ry. 275. *Linton* v. *Hurley,* 14 Gray, 191. *Fennell* v. *Peterson,* 225 Mass. 598. But in committing a tortious act which is outside of the agency or common business a partner acts only for himself, and he alone is responsible for the consequences. And the mere fact that an agent, while using the motor car of his principal for his own pleasure, is doing so with the permission of said owner, does not make that owner liable for the wrongful acts committed by the agent. A loan of the machine does not carry with it a responsibility for the negligent conduct of the borrower. *Herlihy* v. *Smith,* 116 Mass. 265. *Marsal* v. *Hickey,* 225 Mass. 170. See *Reynolds* v. *Denholm,* 213 Mass. 576.

We cannot say that the error in thus modifying the fourth request was a harmless one. It permitted the jury to find Martin responsible for Clark's negligent operation of the car, even if they credited Clark's story that he was indulging in a pleasure drive and was using the truck for a purpose in which his copartner had no interest. This exception must be sustained, and it is

*So ordered.*