SAMUEL SHRIEAR *vs.* BENJAMIN FEIGELSON & another.

Worcester.    January 16, 1924. — April 8, 1924.

Present: RUGG, C.J., DECOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Toward guest, In use of automobile, Gross.    *Practice, Civil,* Exceptions.

At the trial of an action against partners, who were owners of an automobile, for personal injuries received by one who was riding in the automobile when it was being used by one of the partners for a purpose not connected with the partnership, the question as to the liability of the partner who was absent was not called to the attention of the trial judge by any request for rulings or by the terms of a motion that a verdict be directed for the defendant. *Held,* that such question was not open at the argument of exceptions in this court.

At the trial of an action for personal injuries received by a guest of the defendant when riding in an automobile of the defendant driven by another at the defendant's request, there was evidence tending merely to show that, before starting on the trip at twenty minutes after midnight following a wedding, the driver of the machine seemed tired and "grouchy;" that he had trouble in finding his way; that early on the trip he rounded a curve so sharply and with such a swerve as to lead to

outcry; that once he stopped near a street light and rubbed his eyes, declaring his eyes were burning and he was tired, but finally saying: "Oh, I am all right," and going on; that the night was clear, moonlit and dry and the roadway good; that, when the car was going about fifteen to twenty miles an hour on a straightaway course, the defendant suddenly called out a warning, the car went to the right and crashed into a telephone pole which stood a foot beyond the right hand edge of a gravelled strip of the roadway. *Held,* that there was no evidence justifying a finding of gross negligence on the part of the defendant or of the driver of the automobile, and that judgment should be entered for the defendant.

TORT for personal injuries received by the plaintiff when riding in a motor vehicle owned by the defendants as partners. Writ dated March 20, 1920.

In the Superior Court, the action was tried before *Burns,* J. Material evidence and exceptions by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $1,859. The defendant alleged exceptions.

The case was submitted on briefs.

*F. P. Ryan,* for the defendants.

*J. F. McGrath & J. J. MacCarthy,* for the plaintiff.

WAIT, J. The plaintiff was injured when an automobile, in which he was riding, collided with a post which stood a little beyond the edge of the road along which the car was moving.

The declaration was in three counts, all for the same cause of action. The first count described the plaintiff as "an occupant of the defendants' automobile in company with the defendants and certain other persons." The second count alleged that "the defendants invited and requested him to ride in an automobile of the defendants and the plaintiff accepted the invitation of the defendants and rode in said automobile." The third count alleged that the plaintiff "employed the defendants for hire to convey him in the defendants' automobile."

The car was owned by the defendants, who were partners in a wool business. It was used in their business; and, on alternate Sundays, it was used, in turn, by Feigelson and by Goldberg in their separate affairs. The accident took place on a Sunday on which Feigelson was using the car. There

was no evidence and no contention that Goldberg was present; or that he had any concern in what the occupants of the car were doing.

Upon these facts *Teague* v. *Martin,* 228 Mass. 458, establishes that no liability on the part of the defendant Goldberg exists. The question of Goldberg's liability, however, was not properly raised. The bill of exceptions shows that the attention of the trial judge was not called to this aspect of the case by any request for a ruling; and that the motions that a verdict be directed do not clearly present the question.

The occupants of the car at the time of the accident were Feigelson, his daughters Lillian, Rose and Mary, the plaintiff and one Germain who was driving. All except Germain were thrown from the car. Lillian Feigelson was killed; and the others were injured. Since the accident, Rose Feigelson has married the plaintiff; and Mary Feigelson has married Germain.

The case was, in fact, defended by the insurer of the car. It comes before us, after a verdict for the plaintiff against the defendants named in the writ, upon defendants' exceptions to the admission and rejection of evidence, to the refusal of certain requests for instructions, and to the refusal to direct verdicts upon the first and second counts. The trial judge directed a verdict for the defendants upon the third count, because there was no contention made at the trial that the defendants were acting for hire, or that the plaintiff was anything other than an invited guest of Feigelson. No suggestion is made to us that this order was improper.

It is not necessary to consider the rulings in the admission and rejection of evidence.

The third request for ruling " That the plaintiff has failed to prove that the defendant was grossly negligent," should have been given; and a verdict for the defendants should have been directed.

The testimony, taken most favorably for the plaintiff, shows that on Sunday, September 13, 1919, a sister of Feigelson was to be married at Chelsea. The Feigelson family went from Worcester to be present at the wedding. Mrs. Feigelson, with her daughters, were to go by the automobile.

The plaintiff was asked to accompany them; and Germain was also invited to go and to drive the car. Both the plaintiff and Germain were musicians. Germain was an employee of a tea company. He was familiar with the road, as he drove over the main highway to Boston on an average of twice a month; and he had driven this car over the road many times. " Incidentally after business he drove the automobile for the defendants." The machine was in perfect condition. On this Sunday, he left Worcester at 9:30 A.M. and reached Chelsea about noon. He then drove to Lynn for his sister, who was to attend the wedding. At Lynn he went to a party at the synagogue for two or three hours. He returned to Chelsea with his sister about 6:30 P.M. The wedding festivities bagan about seven o'clock. There was music and dancing. The plaintiff played a clarinet and Germain the piano. The wedding party broke up about 11:30 P.M.; and then Germain drove his sister to her home at Lynn. He returned to the place of the wedding; but, before starting back to Worcester, he drove another guest to her home in Chelsea. He seemed tired and " grouchy; " and was found sleeping in the car while waiting for his companions to set out for Worcester. Mrs. Feigelson did not return, but Feigelson took her place. They set out from Chelsea about 12:20 A.M., Feigelson, Rose and the plaintiff on the back seat, Germain at the wheel with Mary and Lillian on the front seat with him. Germain had trouble in finding his way; early on the trip he rounded a curve so sharply and with such a swerve as to lead to outcry; once he stopped near a street light and rubbed his eyes, declaring his eyes were burning and he was tired, but, finally saying: " Oh, I am all right," and going on. They reached South Sudbury. The night was moonlit, clear and dry. They were travelling along a road with a tarvia surface twenty-one feet wide, with strips of gravelled surface three feet wide on either side of the tarvia. The road was straightaway for from fifteen hundred to eighteen hundred feet, of which about nine hundred feet were before them. There was a slight downgrade. There were no other automobiles in sight. Their headlights were burning, casting

a good light before them. They were moving at a speed of between fifteen and twenty miles per hour. Suddenly Feigelson called out a warning, the car went to the right, and crashed into a telephone pole which stood a foot beyond the right hand edge of the gravelled strip of the roadway.

There is nothing here to justify a finding of gross negligence. The case is fully covered by *Burke* v. *Cook*, 246 Mass. 518. The plaintiff was a. guest of the defendant Feigelson. A guest cannot recover for negligence against his host unless he can prove gross negligence. There was no gross negligence.

As there can be no recovery, the order will be, under G. L. c. 231, § 122,

*Exceptions sustained.*
*Judgment for defendants.*