MINNIE R. BUNNELL *vs.* DEWEY W. VROOMAN & others.

FRED W. BUNNELL *vs.* SAME.

Berkshire.     September 16, 1924. — October 17, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Partnership,* Scope of authority of partner. *Motor Vehicle. Negligence,* Motor vehicle.

If all the members of a partnership engaged in a business, who have registered a motor vehicle in this Commonwealth in their name as partners, stating " Pleasure " as the " Exact purpose for which car will be used," authorize one of their number to use the car for his own purposes of pleasure not connected with the business of the partnership, such au-

thorization does not constitute the partner so using the car a general agent of the remaining partners so that they would all be responsible for his negligence. Following *Teague* v. *Martin*, 228 Mass. 458.

At the trial of an action for injuries received by a traveller on a highway through the negligent driving of the motor car above described, *it was stated* that this court did not consider the question, whether the securing of the individual pleasure of its members ever could of itself be a sufficient purpose for the formation of a partnership.

An instruction to the jury at the trial of the action above described, which permitted them to find all the members of the partnership liable for negligence in the driving of the motor vehicle so being used by one of them for one of the purposes for which it was purchased, although that purpose was not in the scope of the business of the partnership, was erroneous.

Two ACTIONS OF TORT against Dewey W., Walter W., Arlington, Herath, Leiber and Foster P. Vrooman, described as "partners doing business . . . under the firm name of Vrooman Brothers," respectively for personal injuries and for damage to a motor vehicle alleged to have been caused by negligence for which the defendants were responsible. Writs dated June 19, 1922.

In the Superior Court, the actions were tried together before *Burns*, J. Material evidence and exceptions by the defendants are described in the opinion. The jury found for the plaintiff in the first action in the sum of $1,000 and for the plaintiff in the second action in the sum of $550. The defendants alleged exceptions.

*M. B. Warner*, (*N. A. Foot* with him,) for the defendants.

*F. M. Myers*, (*F. W. Bunnell* with him,) for the plaintiffs.

WAIT, J. The plaintiffs each brought suit against six brothers, partners doing business under the firm name of Vrooman Brothers, at Rotterdam or Schenectady in the State of New York, for damages arising from a collision at Lee, Massachusetts, between an automobile belonging to Fred W. Bunnell, then being used and driven by his wife Minnie R. Bunnell, and an automobile owned by the defendants which was alleged in each declaration to have been operated by their servant or agent. The declarations alleged negligence of the defendants and of their servant or agent. The answers were a general denial, lack of due care, and negligence of the plaintiffs contributing to the accident.

The defendants are partners in truck and general farming on a farm near Schenectady which was inherited by them as heirs at law of their father who owned and conducted the farm before them. The automobile was registered in New York in the name of Vrooman Bros. The application for registration stated that it was made by " Vrooman Bros Foster P. Vrooman"; that " Pleasure " was the " Exact purpose for which car will be used "; that the " Age of applicant " was " 22 years "; and, in reply to request: " If car is owned by copartnership, corporation, or association, write in full the names of the members of copartnership, or the principal officers of the corporation or association, giving titles of each," it stated: " Vrooman Bros Dewey W. Walter W. Foster P. Vrooman." Foster P. Vrooman made oath that he was " one of the above named applicants."

At the time of the accident Foster P. Vrooman had taken the car for a pleasure trip to Newton, Massachusetts, whence he was returning in management of the car. He testified " We would use . . . [the car] in our business going back and forth to Schenectady doing errands, etc., and used it as we wanted to for pleasure each one of us." On cross-examination, he testified that he drove the car in his business and also for pleasure purposes; that he had it registered for pleasure purposes and used it with the understanding and consent of all the brothers, who were agreeable and consented to his making the trip for pleasure on this occasion. There was no other evidence that the car was being used at the time of the accident in the business in which the partnership was engaged or for the benefit of the partnership. At the close of the evidence the defendants requested that the jury be instructed, " If it is found as a fact that the defendants in this action were a partnership and that the car operated on the day of the accident by Foster P. Vrooman was owned by the partnership, but was used and operated by him for his own personal pleasure and convenience and was not being used in the partnership business, then the plaintiff cannot recover in this action against the partnership." The judge denied the request and instructed the jury as follows: " If it is found as a fact that the defendants in this action were a

partnership and that the car operated on the day of the accident by Foster P. Vrooman was owned by the partnership, but was used and operated by him for his own personal pleasure and convenience and was not being used in the partnership business, or was not used for one of the purposes for which it was purchased, then the plaintiff cannot recover in this action against the partnership." At the close of the charge each of the defendants claimed an exception to the refusal to charge as requested, and to so much of the charge as was inconsistent with the request. The jury found for the plaintiff against the partnership.

The exceptions must be sustained. The case is governed by the recent judgment in *Teague* v. *Martin*, 228 Mass. 458. Uncontradicted evidence in this case shows that the partners expressly authorized the use of their car for general purposes of pleasure. Such authorization does not constitute the partner who is using the car for his individual pleasure a general agent of the remaining partners for whose negligent acts they are all responsible, unless he is at the time using it in the business of the partnership. See also *Shriear* v. *Feigelson*, 248 Mass. 432. He is a co-owner and as such co-owner is entitled to use the car as he chooses. The other owners stand in the relation of principals responsible for his acts as agent only when he is using the car for the general purposes of the partnership or in some common enterprise.

We do not consider whether to secure the individual pleasure of its members can ever be of itself a sufficient purpose for the formation of a partnership. It is plain here that the use of the car by Foster P. Vrooman was not within the scope of the purposes of the farming and trucking business of the firm of Vrooman Brothers. The defendants were entitled to the instruction they requested. The instruction actually given allowed the jury to find the defendants liable if the car was being used by a partner for one of the purposes for which it was purchased, although not in the scope of the business of the partnership. It did not correctly state the law, and the defendants were prejudiced thereby.

*Exceptions sustained.*