NELLIE E. WADSWORTH, Appellant, *v.* JOHN B. WEBSTER and Another, Copartners Doing Business under the Firm Name and Style of " CENTRAL GARAGE," Respondents, Impleaded with PAULINE SCOTT, Defendant.*

Third Department, December 30, 1932.

*Lusk, Buck. Ames & Coon* [*William H. Coon* of counsel], for the appellant.

*Bond, Schoeneck & King* [*Chester Rifenbary* of counsel], for the respondents.

CRAPSER, J.   John B. Webster and Percy J. Wadsworth were copartners engaged in the automobile business in the city of Cortland under the firm name and style of " Central Garage." The said copartnership was an equal and unlimited partnership, each party sharing equally in the losses and profits of said copartnership.

* Affg. 143 Misc. 806.

The plaintiff Nellie E. Wadsworth was the wife of Percy J. Wadsworth, one of the defendants.

The plaintiff at the time of the accident was riding as a passenger in an automobile owned by the said partnership and operated by Percy J. Wadsworth, at his invitation. There is nothing in the complaint to indicate that the automobile was being operated in the partnership business.

A motion to dismiss was made on the grounds that the complaint failed to state facts sufficient to constitute a cause of action.

The rule at common law was that " a wife may not maintain an action against a husband, nor a husband against a wife for personal injuries, whether negligent or willful. * * * The disability was reciprocal, affecting the man as well as the woman, and was based upon the common-law doctrine of the merger of their beings in the unity of marriage." This rule has not been changed by legislation and still exists. (*Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 255; *Schultz* v. *Schultz*, 89 id. 644; *Allen* v. *Allen*, 246 id. 571; *Thompson* v. *Thompson*, 218 U. S. 611.)

Chief Judge CARDOZO, writing in *Schubert* v. *Schubert Wagon Co.*, says, " The disability of wife or husband to maintain an action against the other for injuries to the person is not a disability to maintain a like action against the other's principal or master."

The *Schubert* case was an action brought by a wife to recover for personal injuries suffered by her through being struck by the defendant's automobile negligently driven by the plaintiff's husband in the service of the defendant. In that case the defendant was a corporation and a distinct legal entity. In this case the defendant is a partnership.

"A partnership is not like a corporation, which is a legal entity having certain rights and subject to defined liabilities. It has no independent existence. It has a name by which individuals conduct a joint business and in which their accounts as such are kept, and through which certain established equitable rights in marshaling assets are acquired." (*Matter of Peck*, 206 N. Y. 60.)

The court in *Jones* v. *Blun* (145 N. Y. 333), referring to a partnership, says: " It has been often pointed out that a partnership cannot properly be regarded as a legal entity separate and distinct from the several partners therein."

Section 24 of the Partnership Law provides: " Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partner-

ship is liable therefor to the same extent as the partner so acting or omitting to act."

The test of the liability is based upon the determination of the question whether the wrong was committed in behalf of and within the reasonable scope of the business of the partnership, or with the authority of defendant Wadsworth's copartner. If it was so committed, the partners are liable as joint tort feasors.

The partnership being liable only to the same extent as a person so acting, cannot be held in this case because, under the law, Percy J. Wadsworth, the partner driving the car, cannot be legally liable for negligently injuring the plaintiff, his wife.

Section 59 of the Vehicle and Traffic Law provides: " Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner. * * * "

This section created a liability where otherwise none existed and must be strictly construed.

" The intent of the Legislature as expressed in section 282-e of the Highway Law [which is the same as section 59 of the Vehicle and Traffic Law] was to make the ' negligence of operator other than owner attributable to owner.' " (Leppard v. O'Brien, 225 App. Div. 162.)

This section cannot apply in this case because the defendant Wadsworth was a co-owner of the car. (Leppard v. O'Brien, supra.)

Percy J. Wadsworth is not legally liable for injuring his wife, and the partnership under the provisions of the Partnership Law is only liable to the same extent as Percy J. Wadsworth, and, therefore, the motion dismissing the plaintiff's complaint against the said partnership was properly granted and the order appealed from should be affirmed, with costs.

VAN KIRK, P. J., HILL, RHODES and MCNAMEE, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.