## ALFA MILLER v. J. A. TYRHOLM & COMPANY, INC.[1]

February 14, 1936.

No. 30,729.

*Robb, Rich & Reynolds,* for appellant.

*Moonan & Moonan,* for respondent.

JULIUS J. OLSON, JUSTICE.

On September 15, 1934, plaintiff and her husband, J. D. Miller, with their 15-year old son, went to defendant's garage at Waseca, defendant being engaged in the business of dealing in new and used automobiles, the husband having in mind the purchase of a used car for his son. Mrs. Miller remained outside the garage, but the husband went in and conferred with Mr. Tyrholm, ·an officer of

[1]Reported in 265 N. W. 324.

defendant, about a model T Ford coupé of somewhat aged vintage (1924) they had observed parked immediately outside the garage. In a very short time Mr. Miller came back with Tyrholm to where plaintiff was awaiting them. In her presence Mr. Tyrholm opened the door of the Ford car, started the engine, and told her husband "to take it out and try it." Mr. and Mrs. Miller and the boy got into the car, Miller being at the wheel. He drove the car a short distance upon the paved streets of Waseca and then gave plaintiff a chance to try it out. He again took charge of the car as driver, and they went out on a road at or near Clear Lake. On this trip they took a side road, one used by cottage owners near the lake. The road was narrow but was in use by the cottage owners and others. While traveling upon this road at a speed of from 12 to 15 miles per hour, that being plaintiff's estimate and there being no speedometer on the car, going down a somewhat steep hill, at the bottom of which there was a shallow ditch made by water having run across the road, the car was jarred so that Mr. Miller lost control of it. When the car finally stopped it was found that the reason for its stopping was the fact that it had "hit this tree" located some 30 feet on the right-hand side of the road. Plaintiff received injuries and to recover for these brought this action against defendant. The basis of defendant's liability is predicated upon the alleged claim (1) that the steering apparatus was faulty, and (2) that the driving on the part of Miller was negligent.

The trial resulted in a verdict for plaintiff. Defendant did not ask for a new trial but did move the court for an instructed verdict before submission to the jury and later moved for judgment notwithstanding. The court denied both motions. Judgment was thereupon entered, and the appeal is from the judgment.

Defendant has devoted a great deal of space in its brief to plaintiff's first theory of liability. We shall pass that question because the view we take of the case makes it unnecessary that it be determined.

In its brief defendant states, "for the purposes of this appeal, it may be conceded that plaintiff's husband was negligent in his operation of the car on the side road, and that such negligence proximately caused the injury to plaintiff."

■ The basis upon which recovery against defendant is sought is found in L. 1933, c. 351, § 4, 3 Mason Minn. St. 1934 Supp. § 2720-104. That section reads:

"Whenever any motor vehicle, after this act becomes effective, shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner express or implied, *the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.*" (Italics ours.)

From what has been said it is obvious that Miller had the possession and use of this car "with the consent of the owner." Consent was expressly given. Defendant does not dispute this, nor can it. Its principal argument here, and that is the point upon which reliance is placed, is that the negligent act being that of the husband, and inasmuch as a wife cannot sue her husband in tort, this action cannot be maintained against the owner of the car. That such action does not lie against one's spouse has been determined in many cases. Our latest pronouncement is Patenaude v. Patenaude, 195 Minn. 523, 263 N. W. 546, where prior decisions are reviewed.

The claim is made that unless the agent or servant is liable no liability can attach to the principal or master. But if a negligent act resolves itself into injury to another and if the actor occupies a position which makes him immune to suit for recovery of damages, that alone should not relieve the principal or master. Many things may occur preventing the enforcement of liability against the servant as such. He may die before the cause is heard. He may go through bankruptcy. He may be financially irresponsible so as to make a suit against him unproductive of any relief. The cases even go so far as to hold that if the servant receives from the injured party a covenant not to sue that does not relieve the master or principal.

The cases bearing upon this subject and supporting defendant are Maine v. James Maine & Sons Co. 198 Iowa, 1278, 201 N. W. 20, 37 A. L. R. 161; Riser v. Riser, 240 Mich. 402, 215 N. W. 290;

Emerson v. Western S. & I. Co. 116 Neb. 180, 216 N. W. 297, 56 A. L. R. 327. The basis for the view taken in the cited cases may be summarized thus:

"If recovery may be had by the wife against the employer, and he in turn may recover from the husband-employe, then the family wealth remains the same save as diminished by the expenses of the litigation. It would seem that to permit a recovery against the employer results simply in countenancing an encircling movement where a frontal attack upon the husband is inhibited." Emerson v. Western S. & I. Co. 116 Neb. 180, 185, 216 N. W. 297, 299, 56 A. L. R. 327.

As far as we are informed, and counsel's research does not disclose otherwise, there are no other cases than those heretofore cited sustaining its position.

Other courts have come to a different conclusion. In Schubert v. Schubert Wagon Co. 249 N. Y. 253, 164 N. E. 42, 64 A. L. R. 293, a result directly opposite was reached. The court in that opinion discussed the cases we have cited. The following excerpt from that opinion is deemed pertinent (249 N. Y. 254-255):

"Plaintiff while in the highway was struck by the defendant's car and injured. The car causing the hurt was driven by plaintiff's husband, who was then in the defendant's service. His negligence is not disputed. The employer would have been liable if the servant, the driver of the car, had been a stranger to the plaintiff. The question is whether the rule of liability is different where the servant is the husband."

And further, 249 N. Y. 256-257:

"An employer commits a trespass by the hand of his servant upon the person of another. The act, let it be assumed, is within the scope either of an express mandate or of an implied one. In either event, if the trespass is not justified, he is brought under a distinct and independent liability, a liability all his own. The statement sometimes made that it is derivative and secondary (Pangburn v. Buick Motor Co. supra [211 N. Y. 228, 105 N. E. 423]),

means this and nothing more, that at times the fault of the actor will fix the quality of the act. Illegality established, liability ensues. The defendant, to make out a defense, is thus driven to maintain that the act, however negligent, was none the less lawful because committed by a husband upon the person of his wife. This is to pervert the meaning and effect of the disability that has its origin in marital identity. A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity. The trespass may be a crime for which even a husband may be punished, but whether criminal or not, unlawful it remains. As well might one argue that an employer commanding a husband to commit a battery on a wife, might justify the command by the victim's disability. The employer must answer for the damage whether there is trespass by direct command or trespass incidental to the business committed to the servant's keeping. In each case the maxim governs that he who acts through another, acts by himself. In all this there is nothing at war with the holding of some cases that the remedy against the husband is denied altogether, and not merely suspended during coverture  *  *  *. Unlawful the act remains, however shorn of a remedy  *  *  *.

"We are told that in the long run the consequences of upholding an action against the master may be to cast the burden on the husband, since the master, if not personally at fault, has a remedy over [citing cases]. The consequence may be admitted without admitting its significance as a determining factor in the solution of the problem. The master who recovers over against the servant does not need to build his right upon any theory of subrogation to a cause of action once belonging to the victim of the injury. A sufficient basis for his recovery is the breach of an independent duty owing to himself. The servant owes the duty to the master to render faithful service, and must answer for the damage if the quality of the service is lower than the standard."

To the same effect is Chase v. New Haven W. M. Corp. 111 Conn. 377, 150 A. 107, 108, 68 A. L. R. 1497. There the action was brought

in behalf of a minor child for injuries sustained because of the negligence of the child's father while acting as a servant of defendant.

In McLaurin v. McLaurin Furniture Co. 166 Miss. 180, 190-191, 146 So. 877, 879, the cases upon which defendant relies are cited, commented upon, and criticized. The court said:

"In line therewith, we are therefore of the opinion that if, in a case where the tortious act of the servant is the act of the master, the master is liable proximately even though the wife may not recover from the husband, the servant. She is merely denied a remedy; this does not destroy the right of action against the master." (Citing cases.)

To the same effect is Poulin v. Graham, 102 Vt. 307, 147 A. 698. The Wisconsin supreme court in Hensel v. Hensel Yellow Cab Co. Inc. 209 Wis. 489, 503-504, 245 N. W. 159, quotes with approval the language used by the Connecticut supreme court in the case of Chase v. New Haven W. M. Corp. 111 Conn. 377, 382, 150 A. 107, 68 A. L. R. 1497, as follows:

"Public policy may exempt the husband or parent from an action by the wife or child directly against him for his negligent act. There is no rule of law and no public policy which would exempt the employer. * * * The argument rests upon the fallacious assumption that since the employer has an action over against his employe it will merely result in the employe paying back to him the recovery from the employer less the expenses of the litigation. The recovery for the wrong done the wife or child by the employer does not belong to the husband or father but to the wife or child. The recovery by the employer from his employe will diminish his own property, it will not in the eye of the law diminish the property belonging to his wife or child."

Later, the Ohio supreme court in Metropolitan L. Ins. Co. v. Huff, 128 Ohio St. 469, 191 N. E. 761, adopted the same view.

The supreme court of West Virginia in Smith v. Smith, 116 W. Va. 230, 179 S. E. 812, followed the cases upon which plaintiff relies. The syllabus therein reads:

"The owner of an automobile is liable, under the doctrine of respondeat superior, for injuries sustained by a guest as a result of the negligent acts or omissions of a driver-agent while acting as such and within the scope of his employment, regardless of the fact that that the driver-agent, due to relationship to the guest, or other circumstances, may, or may not, enjoy immunity from action by said guest."

In that case, as in this, liability was sought and established against the employer although plaintiff's husband was the individual through whose direct fault liability was created.

Defendant cites and relies upon Belleson v. Skilbeck, 185 Minn. 537, 242 N. W. 1. That was an action to recover against a partnership. The negligent actor was the parent of the minor in whose behalf the action was brought. As the parent was a member of the copartnership, liability was denied because the partnership act specifically limits the liability of the copartnership to the same liability as that of the negligent copartner whose want of care brought about the accident and consequent injury. 2 Mason Minn. St. 1927, § 7396, reads:

"Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, *the partnership is liable therefor to the same extent as the partner so acting or omitting to act.*" (Italics ours.)

The New York court in Caplan v. Caplan, 268 N. Y. 445, 198 N. E. 23, had a similar situation before it. In line with the views expressed in the case of Belleson v. Skilbeck, 185 Minn. 537, 242 N. W. 1, that court came to the same conclusion as this court. It will thus be observed that the New York court, while in complete agreement with the opinion expressed in the Belleson case, had no difficulty in sustaining recovery by the injured wife against the employer of the negligent husband. So it is obvious that our holding in that case is not hostile to the decisions rendered by the courts which sustain plaintiff's claim.

In Restatement, Agency, § 217, it is said:

"(2) A master or other principal is not liable for acts of a servant or other agent which the agent is privileged to do although the principal himself would not be so privileged; but he may be liable for an act as to which the agent has a personal immunity from suit.

"*Comment:* * * * b. If a principal has a personal privilege which cannot be shared by another, he cannot of course confer this privilege upon an agent so as to escape liability for the agent's act. Thus, if a master has a privilege of personally entering a clubhouse he may become liable for the entry therein by his servant upon his business. Likewise, if an agent has an immunity from liability as distinguished from a privilege of acting, the principal does not share the immunity. Thus, if a servant, while acting within the scope of employment, negligently injures his wife, the master is subject to liability."

We think the authorities relied upon by plaintiff are more in line with the modern trend of judicial decision than those sustaining defendant's claims. Our own decisions point in that direction. In Melady v. South St. Paul Live Stock Exchange, 142 Minn. 194, 198, 171 N. W. 806, 807, this court, in speaking of the liability attaching to a corporation for a tort on the part of its servants or agents, said:

"By legal intendment, the act of an agent within the scope of his agency is the act of his principal. There is a legal identification of the principal and agent, and the former is liable for the tortious act of the latter, because, in the eyes of the law, the act was really done by him, though in fact he may not have participated in it at all. The agent is himself liable for his own active wrong, while the principal is liable because the law attributes to him the act of his agent, with the result that both are liable jointly and severally to the person injured by the wrongful act."

And in the very recent case of Albrecht v. Potthoff, 192 Minn. 557, 257 N. W. 377, the opinion points out that the reason for

denial of the wife's right to sue her husband in tort was under the common law based upon the theory that husband and wife were one. In that case recovery was sustained although the wife was the sole beneficiary because the common law rule denying the right of the wife to sue her husband for a tort should not be extended so as to prevent recovery by the deceased daughter's administrator against the father, whose negligence caused the daughter's death.

Unity of spouses is the foundation for the conclusion reached by the court in Maine v. James Maine & Sons Co. 198 Iowa, 1278, 1280, 201 N. W. 20, 21, 37 A. L. R. 161:

"The common-law freedom of the husband from liability to the wife for a tortious or negligent injury to her person does not rest merely upon a lack of remedy,—the inability of the one to sue the other. It arises out of the very relationship itself, and the incapacity to sue is but an incident to it. In Abbott v. Abbott, 67 Me. 304 (24 Am. Rep. 27), it was said, of an action by a divorced wife against her husband and others, for an assault committed during coverture:

" 'There is not only no civil remedy, but there is no civil right, during coverture, to be redressed at any time.'

"Phillips v. Barnet, 1 Q. B. D. 436, is there cited, and the following quoted from the opinions:

" 'I now think it clear that the real substantial ground why the wife cannot sue her husband is not merely a difficulty in the procedure, but the general principle of the common law that a husband and wife are one person.' "

To adopt defendant's contentions would be taking a backward step from the present prevailing trend of the decisions. This we do not choose to do.

The husband's negligence being conceded and his agency for defendant established, nothing further remains to fasten liability upon defendant. The quoted section of the act and its title clearly point the way to affirmance here. The husband's negligence was the proximate cause of plaintiff's injuries. Liability on defendant's part arose out of the relationship created by the statute.

■ The only remaining issue is that of contributory negligence. A careful reading of the record fails to sustain defendant's claims in this regard. The testimony of the wife, speaking of the happening of the accident, is that the car was traveling 12 to 15 miles per hour as they were going down the hill, "It [the accident] happened so fast that I just don't recall. I really was paying no attention to the driving part of the car." The next thing she knew the car had struck a tree and the harmful effect was complete. What she could have done to avoid injury under circumstances so suddenly arising is not easily seen, even in retrospect. The burden of proof being upon defendant to show negligent conduct on plaintiff's part, we think the jury was amply justified in finding as they did.

Judgment affirmed.