JAKE AND JOHN KANGAS v. GEORGE WINQUIST.[1]

April 5, 1940.

Nos. 32,214, 32,215.

*Hunt, Palmer & Hood* and *Robert K. McCarthy,* for appellant.
*Austin & Wangensteen,* for respondents.

HILTON, JUSTICE.

This appeal involves two consolidated cases presenting identical problems. John and Jake Kangas instituted separate actions against George Winquist to recover for personal injuries. Both obtained favorable verdicts. Defendant moved for judgment not-

[1]Reported in 291 N. W. 292.

withstanding the verdicts or a new trial. After denial of the motions, he appealed.

Winquist and Neil Sampson were partners in a grocery business known as the Chisholm Supply Company. A Ford pickup truck, registered in the company's name, was used in the business. Sampson also made personal use of the vehicle. On a fishing trip to International Falls plaintiffs accompanied him. The trip was unconnected with the business. On the way back to Chisholm, Sampson lost control of the vehicle. It left the road, and in the ensuing collision all three men were injured. Sampson died the following day.

The lower court instructed the jury as follows:

"If you find that he [Sampson] was operating the truck with the consent, express or implied, of the defendant, George Winquist, and if you find that Neil Sampson in the operation of the truck was negligent, the defendant would be chargeable with such negligence."

Defendant complains that the instruction presents an erroneous rule of law. For purposes here, the situation can be regarded the same as though Winquist had expressly consented to the use of the vehicle on the fishing trip.

3 Mason Minn. St. 1938 Supp. § 2720-104, provides:

"Whenever any motor vehicle * * * shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

Vicarious liability was not extensive at the common law. Advent of motor vehicles and the social problems they created rendered archaic many of the common-law concepts of liability. Recognition of this manifested itself in the so-called financial responsibility acts. The broad, social background justifies statutory imposition of liability although the relationship of master-servant or principal-agent does not exist in fact. By statute, controlling

considerations in impressing liability are (1) ownership, (2) consent, (3) operation within the scope of consent. Presence of these elements in the ordinary situation spells liability for the owner of a negligently driven vehicle. Consequently, we must resolve whether another rule of law operates to render the statute inapplicable here.

Reliance is placed upon the fact that Sampson was a co-owner, and the financial responsibility act contains the phrase "other than the owner." Ownership of specific partnership property is in the partners as co-owners in partnership tenancy. 2 Mason Minn. St. 1927, § 7389. 2 Mason Minn. St. 1927, § 7408(1), provides that "a partner is co-owner with his partners of specific partnership property holding as a tenant in partnership." By 2 Mason Minn. St. 1927, § 7407, it is enacted: "The property rights of a partner are (1) his rights in specific partnership property, (2) his interest in the partnership, * * *" Cf. Windom Nat. Bank v. Klein, 191 Minn. 447, 451, 254 N. W. 602. The tenancy pervades the entire sphere of the partnership, and the incidents of the tenancy reflect in the character of the co-ownership. While many of the incidents of the tenancy in partnership are suggestive of an entity concept, important in dealing with the situation here is the fact that the copartners in partnership tenancy are as much owners of the specific property as when they were regarded as joint tenants, although in some situations an entity concept might be applied. But the incidents of the present statutory form of co-ownership are now consistent with the purposes of a partnership form of business. "In short, * * * the legal incidents of the tenancy in partnership are not necessarily those of any other co-ownership." 7 U. L. A. 33.

Defendant, as co-owner in this particular tenancy, had the right under § 7408(2)(a) effectively to refuse consent to the use Sampson wished to make of the truck. By failure to do so, we think liability must follow under the financial responsibility statute. Sampson as co-owner in partnership tenancy had no right over objection of Winquist to take the truck on the trip.

The source of the actual enjoyment was Winquist's consent to the use which Sampson desired to make. Both partners, the only, persons who had the right to prevent the usage, consented. The property interest of Sampson, whether it is regarded in the entity or in the specific property itself, was not the foundation for the use which he made. Under the statute it could not be. Winquist is liable because of his ownership and consent when he had the right to prevent such use unless it is material, as defendant claims, that Sampson was a co-owner in partnership tenancy.

We cannot concur in defendant's contention that the phrase "other than the owner" found in § 2720-104 excludes operation of the statute here. It is upon this contention that the case hinges. The phrase, we think, was adopted, perhaps unfortunately, not to limit the scope of the statute but to distinguish the operator from the person who consented. For purposes here, the statute must be regarded as though it read, "other than the owner who consents." Otherwise the policy and the mandate of the legislature as expressed in the enactment of a financial responsibility law would be put asunder. We think the statute was intended to accomplish more than simply the abrogation of the common-law rule that a bailee's negligence was not attributable to the bailor. Rather the statute is aimed at imposing liability on those who have ownership and the power or right to prevent use of the vehicle. Automobiles are presenting such an increasing problem to society from a social as well as an economic point of view that we are compelled to make a conscientious effort toward accomplishing the objectives the legislature intended. Nothing indicates that the policy of the law is such that it was not intended to operate in such a situation as is here presented.

We are not impressed with the cited case of Wadsworth v. Webster, 237 App. Div. 319, 261 N. Y. S. 670. A literal interpretation of the statute was adopted, and partners were regarded, despite the uniform act in New York, the same as co-owners in joint tenancy. Since the adoption of the act, this is no longer true. Co-ownership in joint tenancy has as an attribute the right

to use the vehicle for pleasure purposes irrespective of the other party's wishes. See 21 Minn. L. Rev. 823, 829. By 2 Mason Minn. St. 1927, § 7804(2)(a), a partner cannot make such a use unless the other partners consent. Bunnell v. Vrooman, 250 Mass. 103, 145 N. E. 58, must be regarded as lacking in authority after the adoption of the uniform act in that state. Consequently, while it represents the common law (as appellant states) it does not aid solution.

The second major premise of defendant is that Sampson's death relieves liability which might otherwise attach. 2 Mason Minn. St. 1927, § 7396, provides that with respect to torts, "the partnership is liable therefor to the same extent as the partner so acting or omitting to act." While the cause of action abated upon Sampson's death, as to him, prior to that time it had accrued against defendant and must remain. It is still in existence and can be asserted against Winquist. 1 C. J. S., Abatement and Revival, § 122; 1 Am. Jur., Abatement and Revival, § 64. At the time the cause of action arose, the partnership was then liable to the "same extent as the partner so acting." No more is required. Sampson, before his death, was responsible to plaintiffs. The abatement as to him does not inure to the surviving partner. We do not regard Belleson v. Skilbeck, 185 Minn. 537, 242 N. W. 1, or Miller v. J. A. Tyrholm & Co. Inc. 196 Minn. 438, 265 N. W. 324, as in any way conflicting.

We cannot concur in defendant's argument that the car was held in co-ownership of joint tenants as distinguished from tenancy in copartnership when driven by Sampson for personal use. We are satisfied that the car was regarded as partnership property and was in fact such.

From what has been said, discussion of § 7396 insofar as it contains the phrase "or with the authority of his co-partners" need not be made.

Despite appellant's able argument and brief, we think that the lower court correctly charged the jury.

The orders appealed from are affirmed.

320

Loring, Justice (dissenting).

It must be conceded that at common law there would be no liability upon a partner for a tort committed by another partner outside the scope of the partnership business. Therefore, the problem is, has either the partnership act or the owners' liability act changed the situation. The majority opinion rests chiefly on the owners' liability act; but since the two acts, in my opinion, are involved in a determination of the question, I shall discuss them in what seems to me to be their logical sequence.

1. The uniform partnership act, passed in Minnesota in 1921, 2 Mason Minn. St. 1927, § 7396, adopted the common-law rule:

"Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

It has been argued that the phrase "or with the authority of his co-partners" extended the common-law rule so as to impose tort liability on a partner who merely consents to a nonpartnership enterprise by another partner. The cases decided after the act do not so construe the phrase. Treon v. Shipman & Son, 275 Pa. 246, 119 A. 74; Steen v. Gleeson, 197 Wis. 68, 221 N. W. 374; Crane, Partnership, p. 225. Furthermore, the word "authority" connotes much more affirmative action on the part of the non-negligent partner than mere consent, which concededly is all there is here upon which to predicate defendant's liability. The rule I believe to be correct is succinctly stated in Treon v. Shipman & Son, 275 Pa. 246, at p. 249, 119 A. 74:

"If a partner commit a tort, not as a partner, but as an individual, in respect to a matter entirely foreign to the business of the partnership, the other partner is not liable unless he either authorized or adopted the wrongful act."

There is here no contention that Winquist authorized or adopted Sampson's careless driving.

At common law, partners are co-owners of specific partnership property. Teague v. Martin, 228 Mass. 458, 117 N. E. 844. It is well settled that co-owners of a vehicle are not liable for injuries caused by the negligent operation of another co-owner. Leppard v. O'Brien, 225 App. Div. 162, 232 N. Y. S. 454; Mittelstadt v. Kelly, 202 Mich. 524, 168 N. W. 501; Martin v. Schiska, 183 Minn. 256, 236 N. W. 312; Bunnell v. Vrooman, 250 Mass. 103, 145 N. E. 58; Caplan v. Caplan, 243 App. Div. 456, 278 N. Y. S. 475, affirmed in 268 N. Y. 445, 198 N. E. 23, 101 A. L. R. 1223; 21 Minn. L. Rev. 829.

The partnership act provides that partners are co-owners of specific partnership property as tenants in partnership. 2 Mason Minn. St. 1927, § 7408(1). See Windom Nat. Bank v. Klein, 191 Minn. 447, 254 N. W. 602. The statute does not define tenancy in partnership, nor does it change the common-law relationship of partners to partnership property other than to list as incidents of the tenancy, § 7408(2): (a) Equal right of all partners to possess partnership property for partnership purposes, but no right to possess it for nonpartnership use without consent of the other partners; (b) nonassignability; and (c) nonattachability of individual partner's interest in partnership property; (d) survivorship in remaining partners upon death of one; (e) individual partner's interest not subject to dower and the like. These provisions have no relevancy to the issue here raised. Therefore, the previous rules of law and equity must govern. 2 Mason Minn. St. 1927, § 7388. There has been much stress upon the fact that under (a) above, Winquist could rightfully have objected to Sampson's personal use of the partnership truck. So could he before the act, 20 R. C. L. pp. 910-911, and certainly there would have been no liability then even though he had consented. The remedy of one partner against another for nonpartnership use of partnership property was under the common law, and is, under the act, § 7405(a), the right to a formal account as to partnership affairs.

Thus it is obvious that under the partnership act Winquist and Sampson were co-owners of the truck, regardless of the use to which one of them might put it, with or without the consent of the other.

The owners' liability act, 3 Mason Minn. St. 1938 Supp. § 2720-104, reads as follows:

"Whenever any motor vehicle * * * shall be operated upon any public street or highway of this State, by any person *other than the owner,* with the consent of the owner express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof." (Italics supplied.)

To read into the above statute after the words "other than the owner" the words "who consents" is, at best, a guess at what the legislature would have provided had the precise situation occurred to it. It is also a concession that Sampson was a co-owner and therefore not properly within the purview of the statute. Ordinarily courts should not read into the statute something that is not there. Statutory amendment should be by the legislature and not by the court. This is especially true of statutes in derogation of the common law. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8958. Furthermore, co-ownership of automobiles is common, and it seems that if the legislature had chosen to create a new rule on the liability of co-owners it would have done so.

I am sustained in my construction of the two acts by the cases most nearly like the one at bar that have been called to our attention or that we have found. They are Caplan v. Caplan, 243 App. Div. 456, 278 N. Y. S. 475, affirmed in 268 N. Y. 445, 198 N. E. 23, and Wadsworth v. Webster, 237 App. Div. 319, 261 N. Y. S. 670. In the Caplan case, an auto was owned by the copartnership, E. Caplan & Son. Plaintiff was the wife of partner Hyman Caplan, who was driving the partnership car and whose negligence caused her injury. The court cited both the partnership act and the owners' responsibility act. The New York partnership act is virtually identical to that of Minnesota. The pro-

visions of their law imposing liability on auto owners for injuries caused by negligence of a person "other than the owner" operating the vehicle with the owner's consent (§ 59, Vehicle and Traffic Law) are similar to ours, 3 Mason Minn. St. 1938 Supp. § 2720-104. It is the only statute in all of the seven states which have adopted this type of owners' responsibility law that bears any similarity to our own, and, it having been passed prior to ours, was doubtless the pattern upon which ours was drawn. The New York court held the owners' responsibility act [243 App. Div. 458, 278 N. Y. S. 477] "not applicable in the present case because the defendant Hyman Caplan was a co-owner of the car." The Wadsworth case, 237 App. Div. 319, 261 N. Y. S. 670, is in accord. On appeal of the Caplan case [268 N. Y. 445, 198 N. E. 23], the New York court of appeals did not mention the owners' responsibility act, but affirmed on the ground that a wife cannot maintain an action against her husband, and under the express provisions of the partnership act the partnership is liable only to the same extent as the negligent partner. Belleson v. Skilbeck, 185 Minn. 537, 242 N. W. 1, is to the same effect. Both cases are discussed in Miller v. J. A. Tyrholm & Co. Inc. 196 Minn. 438, 444, 265 N. W. 324. Respondent argues that because New York's highest court did not mention the owners' responsibility act it must be deemed to have not accepted the lower court's decision on the point. However, to attain its result, the New York court must have assumed that ownership of the vehicle by the partnership was ownership by the individual partners as co-owners, for otherwise the owners' responsibility act would have been applicable. It seems to me that the decision of the court of appeals in the Caplan case [268 N. Y. 445, 198 N. E. 23] is a tacit holding that the incidents of partnership and ownership of partnership property are necessarily to be found in the partnership act and that partnership property belongs to the partners as co-owners, and that therefore the owners' responsibility act had no application.

I think the orders should be reversed.