# ATHANASIA KARALIS v. FRED KARALIS AND OTHERS.[1]

June 26, 1942.

No. 33,246.

*Peter E. Kamuchey,* for appellant.

*G. P. Mahoney* and *John S. Morrison,* for respondents.

LORING, JUSTICE.

This is an appeal from an order sustaining a demurrer to the complaint.

The complaint, considered as true for purposes of testing the demurrer, alleges that during the time here pertinent, Fred Karalis, D. N. Karalis, and John Karalis operated the Lakeview Bakery Company as copartners. The partnership owned a Buick sedan passenger car used in their business. It was registered in the partnership name. On July 22, 1941, John, while negligently driving the Buick with the permission of his partners, ran over

[1]Reported in 4 N. W. (2d) 632.

and injured his wife, the plaintiff. She brought this action against the three partners individually and as copartners.

Plaintiff contends that she is entitled to recover under Mason St. 1940 Supp. § 2720-104 (safety responsibility act), which states:

"Whenever any motor vehicle * * * shall be operated upon any public street or highway of this State, by any person other than the owner, with the consent of the owner express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

In Kangas v. Winquist, 207 Minn. 315, 291 N. W. 292, this court held a partner liable under this act for the other partner's negligent driving of a partnership car with the former's consent. However, it was not held that the act modified Mason St. 1927, § 7396, of the partnership law, which provides in regard to torts that "the partnership is liable therefor to the same extent as the partner so acting or omitting to act." On the contrary, the applicability of the section was considered. See p. 319 of Kangas opinion, 291 N. W. 294. The safety responsibility act merely created the relationship of principal and agent between the owner of the car and the person driving it with his consent. It went no further. It did not change the law of partnership or of husband and wife. The partnership liability under § 7396 depends upon the liability of the partner who has committed the wrong.

It is the law in this state that a wife cannot sue her husband for a personal tort, either negligent or intentional, perpetrated during coverture. Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022 (negligent); Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L.R.A.(N.S.) 191, 116 A. S. R. 387 (intentional); cf. Drake v. Drake, 145 Minn. 388, 177 N. W. 624, 9 A. L. R. 1064 (husband sued wife, intentional). Thus the guilty partner in the case at bar, the husband of the plaintiff, is not liable to her.

As pointed out in Drake v. Drake, 145 Minn. 388, 391, 177 N. W. 624, 9 A. L. R. 1064, it will require express legislation to abrogate this husband-and-wife immunity. Keegan v. Keegan, 194 Minn.

261, 260 N. W. 318 (compensation insurance case), and Albrecht v. Potthoff, 192 Minn. 557, 257 N. W. 377, 96 A. L. R. 471 (representative of deceased child sued father) are not to be construed as modifying the rule. See p. 562 of Albrecht opinion, 257 N. W. 379.

Thus the case at bar is controlled by Belleson v. Skilbeck, 185 Minn. 537, 242 N. W. 1. There plaintiff, a minor child, was injured while riding in a partnership automobile driven by his father. The father and Skilbeck, the defendant, were copartners and as such owned the car which at the time of the accident was being used in the partnership business. Judgment on the pleadings for Skilbeck was sustained. It was pointed out (p. 539, 242 N. W. 2) that the father was not liable for the injuries he caused to his minor child and that the liability of Skilbeck as partner of the father was "no greater and no less than the liability of the one causing the injury."

Miller v. J. A. Tyrholm & Co. 196 Minn. 438, 265 N. W. 324, relied upon by plaintiff, is clearly distinguishable, because there a corporation, not a partnership, was held liable for the negligence of its agent even though the plaintiff was the agent's wife. The court distinguished the Belleson case, 185 Minn. 537, 242 N. W. 1. See Miller case, 196 Minn. 438, 444, 265 N. W. 324.

It is significant that in New York, where similar partnership and safety responsibility statutes are in force and from which state our own safety responsibility act appears to have been taken, the courts deny liability of the partnership to the wife of the tortfeasor partner, Caplan v. Caplan, 268 N. Y. 445, 198 N. E. 23, 101 A. L. R. 1223, and permit recovery by the wife of the tortfeasor agent of a corporation. Schubert v. Schubert Wagon Co. 249 N. Y. 253, 164 N. E. 42, 64 A. L. R. 293.

Neither the individual partners nor the partnership are liable in the case at bar.

Order affirmed.

Mr. Justice Stone, absent because of illness, took no part in the consideration or decision of this case.