## MARGARET HOVANETZ v. KENNETH ANDERSON.

148 N. W. (2d) 564.

February 10, 1967—No. 39,876.

*Mogren & Legler,* for appellant.
*King, MacGregor & Lommen, John J. Roseen,* and *Maurice H. Rieke,* for respondent.

PER CURIAM.

The sole issue raised by this appeal is whether this court should judicially abrogate the rule of interspousal immunity prohibiting one spouse from maintaining an action against the other to recover damages for personal injury resulting from a negligent tort.

Plaintiff was injured when an automobile operated by defendant in which she was a passenger struck a parked vehicle. About 11 months after she commenced her action alleging negligence on the part of defendant, she and defendant were married. Thereafter, upon motion made in behalf of defendant by attorneys furnished by his liability insurance carrier, the trial court dismissed the action.

The issue presented is directly controlled by Patenaude v. Patenaude, 195 Minn. 523, 263 N. W. 546, where the rule of interspousal immunity was applied to essentially identical facts. We are urged to reverse that decision and others which have applied the rule to substantially similar facts since it was first announced in this state in 1906 by Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L. R. A. (N.S.) 191, 116 A. S. R. 387.[1] We decline to do so. Although an inclination to reexamine the rule may have been indicated recently in Balts v. Balts, 273 Minn. 419, 433, 142 N. W. (2d) 66, 75, we were not there confronted with repudiating prior decisions, and we cau-

---

[1] Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022; Kyle v. Kyle, 210 Minn. 204, 297 N. W. 744; Karalis v. Karalis, 213 Minn. 31, 4 N. W. (2d) 632; American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. (2d) 847; Koenigs v. Travis, 246 Minn. 466, 75 N. W. (2d) 478.

tioned that our decision permitting a suit by a parent against a child was not to be understood as "intimating the abrogation of tort immunity in actions by a child against a parent or between husband and wife."

We are not disposed to overrule precedent or depart from the rule presently adhered to by a majority of jurisdictions[2] where upon the record we find no showing of gross injustice but rather indications that the primary, public-policy reason for the rule—that of promoting marital harmony—has realistic application. Since virtually every phase of this issue has been exhaustively discussed by scores of judicial opinions and legal writers, an analysis for and against judicial abrogation would be mere repetition.[3]

We recognize that for the past 50 years this common-law doctrine of marital immunity has been under attack and that many of the reasons advanced for continued judicial adherence are out of tune with the realities of life about us, especially as to torts arising out of the operation of motor vehicles. However, this long-established immunity is based upon significant considerations of public policy, questions concerning which are peculiarly suited to legislative resolution. The growing number of decisions in jurisdictions permitting direct suits by the spouse are based either upon express statutory authority[4] or, in large part, upon a liberal construction of their married women's acts.[5] In the period that the rule has been criticized, only three states have effectively abandoned it by expressly reversing prior decisions.[6] Shortly after Illinois judicially abrogated the rule in Brandt v. Keller, 413 Ill. 503, 109 N. E. (2d) 729, the Illinois legislature reinstated it.[7]

Without foreclosing a reexamination of the rule when an appropriate case

---

[2] See, Note, 27 Ohio St. L. J. 550.

[3] See, Smith v. Smith, 205 Ore. 286, 287 P. (2d) 572; Self v. Self, 58 Cal. (2d) 683, 26 Cal. Rptr. 97, 376 P. (2d) 65; McCurdy, *Personal Injury Torts Between Spouses,* 4 Villanova L. Rev. 303; Note, 79 Harv. L. Rev. 1650; Prosser, Torts (3 ed.) § 116.

[4] E. g., Wis. Stat. 1965, §§ 246.07 and 246.075; Laws of New York 1937, c. 669, § 1 of which granted the right of each spouse to sue the other, but § 2 of which changed liability insurance laws to provide that no policy "shall be deemed to insure against any liability of an insured for injuries to his or her spouse * * * unless express provision for such insurance is included in the policy."

[5] E. g., Rains v. Rains, 97 Colo. 19, 46 P. (2d) 740; Courtney v. Courtney, 184 Okla. 395, 87 P. (2d) 660.

[6] Mosier v. Carney, 376 Mich. 532, 138 N. W. (2d) 343; Klein v. Klein, 58 Cal. (2d) 692, 26 Cal. Rptr. 102, 376 P. (2d) 70; Brown v. Gosser (Ky.) 262 S. W. (2d) 480, 43 A. L. R. (2d) 626.

[7] Ill. Rev. Stat. 1953, c. 68, § 1.

compels us to do so, we believe the proper course is to suggest, as we have repeatedly implied,[8] that the legislature consider the need and propriety of any change of the rule. We followed that course recently with respect to the problem of governmental immunity in Spanel v. Mounds View School Dist. No. 621, 264 Minn. 279, 118 N. W. (2d) 795. The legislative process is uniquely adaptable to investigate the facts and to exercise its broad authority to deal not only with the particular issue confronting us but also related problems necessarily affected by any repudiation or modification of the rule.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[8] Kyle v. Kyle, 210 Minn. 204, 213, 297 N. W. 744, 749; Karalis v. Karalis, 213 Minn. 31, 32, 4 N. W. (2d) 632, 633; American Auto. Ins. Co. v. Molling, 239 Minn. 74, 86, 57 N. W. (2d) 847, 854; Koenigs v. Travis, 246 Minn. 466, 480, 75 N. W. (2d) 478, 487.