MARY BOGORAD, an Infant, by JENNIE BOGORAD, Her Guardian ad Litem, Respondent, *v.* JACOB J. DIX, Appellant.

First Department, January 19, 1917.

Motor vehicles — negligence — injury to pedestrian by chauffeur using car for private purposes — charge — presumption that car is used in owner's business — rebutting presumption — verdict against weight of evidence — testimony of interested witnesses — appeal — dismissal of complaint by Appellate Division — effect of acquiescence in order setting aside verdict.

Where the owner of an automobile, having reached his destination, dismissed the car which was in the charge of his chauffeur and directed him to go home, but the chauffeur while using the car to visit a physician who was treating him ran down and injured the plaintiff, it was proper for the court to instruct the jury that while the law presumes that an automobile is in use for the owner, the presumption may be overcome and that under the evidence it was for the jury to say whether the presumption was overcome by the testimony of the defendant and his chauffeur to the effect that the defendant had dismissed the chauffeur and the car for the remainder of the day prior to the accident.

*Held, further*, that a verdict for the plaintiff based on a finding that the chauffeur was using the automobile in his master's business at the time of the accident was against the weight of the evidence.

Owing to the difficulty of showing ownership of an automobile and responsibility therefor when an accident is caused thereby, the courts, applying and extending a rule of evidence heretofore obtaining with respect to accidents caused by other vehicles, have declared that it is to be presumed that an automobile is owned by the person to whom the license shown by the number was issued and that it was being used in his business, but this presumption may be met and overcome by evidence.

The Appellate Division will not dismiss the complaint in such action when the question as to whether the trial court was at liberty to dismiss the complaint on the evidence is not presented by reason of the fact that the defendant acquiesced in an order setting aside the verdict and granting a new trial by not appealing therefrom.

*It seems*, that the testimony of interested witnesses does not, as a matter of law, overcome the presumption that an automobile is being used in the business of the owner.

APPEAL by the defendant, Jacob J. Dix, from an order and determination of the Appellate Term of the Supreme Court in

favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of May, 1916, reversing an order of the Municipal Court of the City of New York, borough of Manhattan, second district, and reinstating a judgment of said Municipal Court in plaintiff's favor, entered upon the verdict of a jury for $800.

*Walter G. Evans*, for the appellant.

*Charles S. Rosenthal* [*L. F. Fish* with him on the brief], for the respondent.

LAUGHLIN, J.:

On the 27th day of September, 1915, at about eight o'clock in the evening, the plaintiff, who resided on the northerly side of Broome street, between Forsythe and Eldridge streets, and was then twelve years and some months of age, while crossing the carriageway of Broome street southerly in the block in which she lived and some little distance west of Forsythe street, was struck and injured by the defendant's automobile, which was going westerly.

The defendant kept his automobile in a garage at One Hundred and Sixty-second street and Broadway, and resided on Riverside drive in that vicinity. He employed a chauffeur. On the evening of the accident the chauffeur called at the defendant's office at about six-thirty P. M., and drove the defendant to the Lafayette Baths on Lafayette street, between Fourth and Eighth streets, where the defendant dismissed the chauffeur, stating that he was through with him for the evening and directed him to go home.

The chauffeur testified that instead of going to the garage, which was northerly of the Lafayette Baths, he went several blocks to the south and east on his way to the office of Dr. Rosenthal, on Broome street, who was treating him; that the defendant knew that he was going there and said nothing, and that the accident occurred before he reached the doctor's office.

The testimony of the chauffeur and the defendant is in accord to the effect that the chauffeur was dismissed for the night by the defendant at the Lafayette Baths.

The trial court submitted the case to the jury with instruction that the law presumes that an automobile is in use for the owner; but that the presumption could be overcome, and that it was for the jury to say whether or not it was overcome by the testimony of the defendant and the chauffeur, which depended on their credibility. After the rendition of the verdict the learned trial judge entertained a motion to set aside the verdict, and wrote an opinion in which he discussed the questions of fact and law, and reached the determination that the verdict, in so far as the jury found that the chauffeur was using the automobile in the business of the defendant at the time of the accident, was against the weight of the evidence, and granted a new trial.

I am of the opinion that the determination of the Appellate Term which, according to the opinion, was made upon the theory that the owner of an automobile should be liable for injuries resulting from the use thereof and not upon the theory that the preponderance of evidence shows that the chauffeur was engaged in his master's business, was erroneous; and that the order of the Municipal Court, setting aside the verdict and granting a new trial, should be affirmed.

The trial court properly instructed the jury that if the chauffeur was using the automobile on his own business at the time of the accident then there could be no recovery. The evidence was uncontroverted that the chauffeur was using the automobile for his personal business, and not for his employer, at the time; and there was nothing to impeach it or to render it improbable. Owing to the difficulty of showing ownership of an automobile and responsibility therefor when an accident is caused thereby, the courts, applying and extending a rule of evidence theretofore obtaining with respect to accidents caused by other vehicles, have declared that it is to be presumed that the automobile is owned by the person to whom the license shown by the number was issued and that it was being used in his business; but that this presumption may be met and overcome by evidence. (*Ferris* v. *Sterling*, 214 N. Y. 249, 253.) The law, however, contains no prohibition against the owner of an automobile loaning it to his chauffeur or to any one else for any lawful purpose, and he is not liable for damages caused

thereby when in use by his consent on the business or pleasure of others. (*Reilly* v. *Connable,* 214 N. Y. 586.)

The learned counsel for the appellant insists that the complaint should have been dismissed, and that we should dismiss it. The question as to whether the trial court was at liberty to dismiss the complaint on this evidence is not presented for decision, for the reason that the defendant acquiesced in the order setting aside the verdict and granting a new trial by not appealing therefrom; and, therefore, he is entitled to no greater relief here than was accorded by the trial court. It may be observed, however, that the testimony of interested witnesses does not as matter of law overcome the presumption to which reference has been made. (See *Ferris* v. *Sterling, supra.*)

It follows that the determination of the Appellate Term should be reversed, with costs, and the order of the Municipal Court affirmed, with costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Determination reversed, with costs, and order of Municipal Court affirmed, with costs.