## GREAF *v.* BREITENSTEIN.

[No. 14,712.   Filed November 2, 1933.]

*Roscoe D. Wheat,* for appellant.

*Ralph W. Ewry* and *James J. Moran,* for appellee.

WOOD, P. J.—In the preparation of his briefs counsel for appellant has failed to fully comply with the requirements of rule 25 of this court. We have seen fit to overlook this defect and decide this cause upon its merits.

This was an action by appellee against appellant for damages to an automobile as the result of a collision at the intersection of a north and south with an east and west country highway in Jay County, Indiana. The cause was tried to a jury, upon issues consisting of a complaint in one paragraph and an answer in general denial. Verdict was returned and judgment rendered in favor of appellee. Appellant filed a motion for a new trial, alleging as causes therefor, that the verdict of the jury was not sustained by sufficient evidence; that the verdict of the jury was contrary to law; that the court erred in permitting the appellee, as a witness in his own behalf to testify to the ownership of the automobile driven by him and damaged in the accident; that the court erred in giving to the jury certain instructions on its own motion; that the court erred in refusing to give certain instructions requested by the appellee; and error in refusing to grant a new trial because of newly discovered evidence. This motion was overruled. Appellant appeals, assigning this ruling as the only error for reversal.

The appellant has not discussed the alleged errors in the giving and refusal to give instructions in his brief and they are therefore waived.

The appellee was a resident of the state of Ohio.

It developed from the evidence during the trial of the cause, that the bill of sale for the automobile driven by the appellee was issued to his brother-in-law. While testifying as a witness in his own behalf, the appellee was permitted to testify over the objection of appellant, that he bought and paid for the automobile, and that he was the owner thereof. Objection was made to

the question eliciting this answer, upon the ground that the ownership of the automobile could only be shown by a written certificate of title, issued by the proper state authority, which would be the best evidence, and that the statement of the witness would be hearsay. A motion to strike out the answer for the same reason was overruled.

Appellant says in his brief that this court takes judicial notice of the statutes of other states and inserts in his brief copies of some purported statutes of the state of Ohio relating to the registration and ownership of automobiles in that state. No authority is cited in support of that assertion. It is not the law; this court does not take judicial notice of statutes of a sister state, so the sections of the statute from the state of Ohio included in appellant's brief are not properly before us and cannot be considered in determining the rights of the parties in this case. *New York, etc., Ry. Co.* v. *Lind* (1913), 180 Ind. 38, 102 N. E. 449; *Krouse* v. *Krouse* (1911), 48 Ind. App. 3, 95 N. E. 262. In the absence of any showing to the contrary, this court will presume that the common law is in force in the state of Ohio. *Krouse* v. *Krouse, supra.*

However, the primary purpose of statutes requiring automobiles to be registered, number plates to be displayed upon them, and the operators thereof to be licensed, is to further their safe operation upon the public highways, and to aid in fixing the identity of persons offending against traffic laws or jeopardizing the public safety. 15-16 Huddy, Cyc. of Automobile Law (9th Ed.), sec. 160, p. 294.

Presumption arising from the registration of automobiles may be rebutted by parol evidence. The court did not err in permitting the testimony relating to the ownership of the automobile to go to the jury for its consideration. *Meskiman* v. *Adams*

(1925), 83 Ind. App. 447, 149 N. E. 93; *Ferris* v. *Sterling* (1915), 214 N. Y. 249, 108 N. E. 406; *Bogorad* v. *Dix* (1917), 176 App. Div. 774, 162 N. Y. S. 992; *Brown* v. *Chevrolet Motor Co.* (1919), 39 Cal. App. 738, 179 Pac. 697.

Neither did the court err in overruling appellant's motion for a new trial on the ground of newly discovered evidence. The evidence set out in the motion would be cumulative; there is no showing of the exercise of diligence on behalf of appellant to discover the evidence before the trial of the cause; neither does it appear that there would probably be a different result if such evidence was submitted upon another trial of the cause. *Mayfield* v. *Rumford* (1929), 89 Ind. App. 632, 166 N. E. 773.

Appellant insists with much earnestness, that the evidence shows without contradiction that the accident causing the damage to appellee's automobile was attributable wholly to his negligence. The record does not sustain appellant in this contention. Upon this question the evidence was conflicting, the jury by its general verdict which was supported by answers to interrogatories submitted to it, found in favor of the appellee. Under such circumstances this court cannot disturb the verdict.

Finding no error the judgment is affirmed.