# GIFFORD I. HOLMES v. LILYGREN MOTOR COMPANY, INC.[1]

October 15, 1937.

Nos. 31,323, 31,332.

[1]Reported in 275 N. W. 416.

*Sasse, French & Dunnette,* for plaintiff.
*Catherwood, Hughes & Alderson,* for defendant.

HOLT, JUSTICE.

Plaintiff recovered a verdict against defendant for injuries received when a passenger in an automobile alleged to have been negligently driven by one in charge thereof with the consent of defendant, the legal owner. Defendant moved in the alternative for judgment notwithstanding the verdict or a new trial, and plaintiff moved for a new trial as to damages only. Both motions were denied, and each party appeals.

The main facts proved are: Plaintiff came to Austin in the forenoon of June 13, 1936, hoping to obtain steady employment with the Chicago, Milwaukee, St. Paul & Pacific Railway Company, he being on the "extra board." At the yards of the company plaintiff met two other employes, Vance Williams and Clifford Keen. Mr. Williams had a Plymouth car and offered to take the other two uptown. They drove to Smith's saloon, near defendant's place of business. As they parked the car, Dandelet, employed by defendant in selling Ford cars on commission, hailed Williams. There had been talks previously between Williams and Dandelet in respect to exchanging the Plymouth for a Ford. The two conversed for some little time. There is conflict as to whether this talk occurred outside or in a booth in the saloon, and as to whether the four had some beer served them in the booth. The upshot was that Dandelet gave Williams his key to the Ford he was driving, and Williams telephoned his wife that he would come home and get her for a demonstration drive. It was about noon or lunch time. Instead of driving westerly to his home, Williams invited plaintiff and Keen into the Ford car and drove easterly and then southerly upon

paved highway No. 218. The speed at times exceeded 80 miles per hour. At a crossroad near a schoolhouse about five miles south of Austin, the car was turned around to go back to Austin. Near the city limits the road curves to the west. On approaching that curve the speed was too high to negotiate it, the car ran off into the ditch, was completely wrecked, Keen instantly killed, and plaintiff's arm badly fractured. It further appears that this Ford car was sold in March, 1936, by defendant to Dandelet, under a conditional sales contract and registered in the secretary of state's office in his name, and that five weeks later Dandelet gave a bill of sale thereof to defendant and assigned the registration card to it.

Defendant presents 73 separate assignments of error. It will only be necessary to consider a few to dispose of the appeal. It is claimed that defendant is entitled to judgment notwithstanding the verdict, and, if not, that it is entitled to a new trial on account of rulings excluding evidence offered by defendant that it was not the owner and was not in possession or control thereof, and that it had not consented to Williams' use thereof to carry plaintiff.

The right to judgment notwithstanding the verdict is based first on the proposition that the possession and control of the car was entirely in Dandelet by virtue of the sale thereof to him by defendant under the conditional sales contract. But this overlooks the fact that some five weeks after that transaction Dandelet gave a bill of sale of the car to defendant and assigned to it the registration card. True, there was uncontradicted oral testimony that Dandelet had possession and used the car according to his own pleasure after the execution of the bill of sale precisely as prior thereto; but that does not dispose of the legal effect of the bill of sale and the transfer of the license registration card. However, as stated, defendant held documentary title to the ownership of the car, and the court did not err when, upon this record, which fails to show the full arrangement between defendant and Dandelet respecting the car, a directed verdict was refused defendant at the close of the testimony.

The claim also is made that, conceding the ownership in defendant so that Dandelet as its salesman could give its consent to the

use of the same by Williams, a prospective customer, Williams obtained it for the specific purpose of demonstrating the car to his wife; and that no authority was conferred by defendant to Dandelet or by Dandelet on Williams to take plaintiff and Keen for a ride, neither of whom pretended to be prospects. We do not believe it can be said as a matter of law that Dandelet as salesman had no implied authority to let Williams invite someone to accompany him when the car was demonstrated, or that Dandelet did in fact limit the use of the car to demonstrate it to Mr. Williams alone. Even with the testimony as limited as it was in respect to the arrangement between defendant and Dandelet as to the latter's employment, ownership, and control of the car, we think the question of whether Williams, in inviting plaintiff and Keen to witness the demonstration, passed beyond the scope of the authority given him was for the jury. Dandelet testified that he placed no restriction upon the use of the car by Williams. Defendant was in the business of selling Ford cars, and it would be natural that it desired the qualities of these cars to be known by as many as possible. We do not think that this record warrants this court to hold, as a matter of law, that plaintiff was a trespasser in the car at the time of the injury.

We are also of the opinion that plaintiff's contributory negligence does not appear as a matter of law so that defendant is entitled to judgment notwithstanding the verdict upon that ground. It is true, plaintiff was in the front seat with Williams and observed the speedometer and knew that the curve was approached at excessive speed; but plaintiff testified that when they arrived at the schoolhouse and were turning around to go back to Austin he objected to the speed, whereupon Williams stated that he would drive slower, and that he did so at first. Williams denies any such talk. Taking all the circumstances into consideration, we think plaintiff's contributory negligence was for the jury.

The rulings of the court are assigned as erroneous in excluding evidence as to the purpose in taking the bill of sale and the assignment of the registration card, and other facts relative to the use, possession, and control of the car by Dandelet in defendant's em-

ploy, payments made thereon by Dandelet after the bill of sale was given, liability insurance taken out by Dandelet upon the car, and the application of the insurance upon the balance due defendant under the conditional sales contract. We think these rulings were erroneous. Even as between parties and their privies it is competent to show that a conveyance of title was given and accepted as security—that an absolute transfer is a mortgage. Buse v. Page, 32 Minn. 111, 19 N. W. 736, 20 N. W. 95; Citizens Bank of Morris v. Meyer, 149 Minn. 94, 182 N. W. 913. The limitation of the rule is considered in Martin v. Setter, 184 Minn. 457, 239 N. W. 219, 80 A. L. R. 471. It may also be said that it is not contradicting the terms of a bill of sale to prove by parol that it was intended to transfer the title as security.

We have two statutes relating to ownership of motor vehicles enacted with different objects in view. 1 Mason Minn. St. 1927, § 2672, is: "Any person, firm, association or corporation owning or renting a motor vehicle, or having the exclusive use thereof, under a lease or otherwise, for a period greater than 30 days" is required to register it and obtain a license before operating the same on public highways. The intendment of that statute was primarily to exact a license tax and have the records in the secretary of state's office disclose ownership, thus in a measure protecting a subsequent purchaser. Later 3 Mason Minn. St. 1936 Supp. § 2720-104, was enacted and on its face expresses the purpose of its enactment, reading: "Whenever any motor vehicle, after this act becomes effective, shall be operated upon any public street or highway of this State, by any person other than the owner, with the consent of the owner express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof." It is clear that the purpose was to make the owner of motor vehicles liable to those injured by their operation upon public streets or highways where no such liability would otherwise exist. There is no definition of owner in the act containing this section (L. 1933, c. 351), so the one in § 2672 must be accepted. It is clear that more may be considered than the naked title to the motor vehicle in determining who is the owner

referred to in § 2720-104. The one having exclusive use thereof under a lease or otherwise for a greater period than 30 days may be deemed owner. It would seem that it would be competent to prove in this case the entire arrangement between defendant and Dandelet in respect to his duties and the use of the car in question. Then it would be for the jury to determine the facts in respect to the ownership, use, and exclusive control of the car and what, if any, right possessed by defendant to consent to its operation or use by others than Dandelet. Whether the bill of sale was intended as a mortgage and not an absolute sale would be indicated by the conduct afterwards of the parties thereto. If Dandelet paid the instalments called for by the conditional sales contract, used the car exclusively as he saw fit, insured it, collected and applied the insurance money upon the debt owing defendant for its purchase, it would go far to show that the bill of sale was not intended to pass title but for some other purpose. Plaintiff relies on Jasinuk v. Lombard, 189 Minn. 594, 598, 250 N. W. 568; but in that case all the evidence offered was received as to the relation of Lombard to the car and the interest of the codefendant National Cab Company therein and the arrangement under which the cab was operated, as well as the ordinance under which the company had to assume responsibility when the cab was operated in its business; and it was there said that the company sought to escape liability through the oral agreement made with the driver whereby the car became his absolute property, which evidence as to such transfer of ownership was of such nature as not "to compel belief." It is no doubt true that the transfer on the registry card was *prima facie* evidence of ownership of defendant, the transferee, but, as stated, it was not conclusive. Ford v. Hankins, 209 Ala. 202, 96 So. 349; Brown v. Chevrolet Motor Co. 39 Cal. App. 738, 178 P. 697; Farrelly v. Heuacker, 118 Fla. 340, 159 So. 24; Greaf v. Breitenstein, 97 Ind. App. 525, 187 N. E. 347; Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161.

The statute, § 2720-104, also provides that the operator of the car shall be deemed the agent of the owner. The presumption of agency goes no further than *prima facie* proof thereof. It is still

permissible to prove that the owner had not expressly or impliedly consented to the car's use by the driver, or for the purpose it was used when the injury was inflicted. We think the rulings were erroneous excluding the offers to prove that defendant had not consented to Williams' use of the car, nor to his giving a demonstration thereof to plaintiff and Keen. Abbey v. Northern States Power Co. 199 Minn. 41, 271 N. W. 122; Robinson v. Rent-A-Ford Co. 205 Iowa, 261, 215 N. W. 724, 61 A. L. R. 851; Stapleton v. Independent Brg. Co. 198 Mich. 170, 164 N. W. 520, L. R. A. 1918A, 916. The question of ownership may sometimes become involved under these statutes. Greene v. Lagerquist, 217 Iowa, 718, 252 N. W. 94.

The Rhode Island statute making owners of motor vehicles liable for injuries or damage is broader in that it applies also to bailees and lessees. The question arose as to whether the seller or buyer in a conditional sales contract comes within that statute, and the conclusion was reached that the buyer is the owner. Lennon v. L. A. W. Acceptance Corp. 48 R. I. 363, 138 A. 215. So, if in fact the bill of sale and transfer of the registry card was merely intended for additional security and Dandelet remained owner of the car as buyer under the conditional sales contract, defendant was a seller under that contract and could not be regarded as owner within the purview of § 2720-104.

Defendant also attacks the last mentioned section as offending the due process provision of the federal constitution. The New York statute is similar to ours except somewhat broader. It was sustained against such attack in Dawley v. McKibbin, 245 N. Y. 557, 157 N. E. 856, and by the courts of New Jersey in Masci v. Young; 109 N. J. L. 453, 162 A. 623, 83 A. L. R. 869, affirmed on appeal to the Federal Supreme Court, Young v. Masci, 289 U. S. 253, 53 S. Ct. 599, 77 L. ed. 1158, 88 A. L. R. 170. In view of those decisions, further discussion of assignments directed against the constitutionality of the statute is deemed unnecessary.

Since the conclusion has been reached that there must be a new trial for the erroneous exclusion of evidence, there is no occasion to consider plaintiff's appeal, since as to him the order must remain as it is.

Upon defendant's appeal, the order insofar as it denied a new trial is reversed and a new trial of all the issues is granted.