# LLOYD B. CAREY v. BROADWAY MOTORS, INC., AND ANOTHER.

91 N. W. (2d) 753.

August 1, 1958—No. 37,439.

*Gordon C. Peterson,* for appellant.
*Peter F. Greiner,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action against Broadway Motors, Inc., and Monroe H. Gage for personal injuries sustained by plaintiff in an automobile accident on May 7, 1955. Defendant Gage did not answer and judgment was entered against him by default. The jury returned a verdict in favor of plaintiff against Broadway Motors, Inc.

At the close of the trial Broadway Motors, Inc., moved for a directed verdict on the ground that the evidence compelled a finding that it was not the owner of the 1937 Plymouth automobile involved in the accident, and that Monroe H. Gage, who was its driver at the time, was not then its agent or employee. The same ground was urged as a basis for its subsequent motion for judgment notwithstanding the verdict or for a new trial, and on appeal from the order denying such motion is urged here as ground for reversal thereof.

The facts relative to the issues are as follows: On the day of the accident, and for some time prior thereto, the 1937 Plymouth involved was registered in the name of Broadway Motors, Inc. Prior to the accident Gage had at times been employed by Broadway Motors, Inc., waxing cars on a piecework basis. Testimony was submitted by Emer Bloom, president of Broadway Motors, Inc., and by Gage that Broadway Motors, Inc., had sold the car to Gage for $85 on April 8, 1955; that a conditional sales contract evidencing this sale had been signed by Gage but had not been signed, delivered, or filed by Broadway Motors, Inc.; and that after the accident the car had been towed to a service station and thereafter not reclaimed by either defendant.

On April 8, 1955, title to a 1941 Chevrolet was transferred by Broadway Motors, Inc., to Gage by execution of the bill of sale on the

back of the official registration card therefor, but this car had been re-transferred by Gage to Broadway Motors, Inc., on April 26, 1955. Both Gage and Bloom testified that the transfer of the Chevrolet to Gage had been in error in that it had been intended to transfer the 1937 Plymouth instead. In April 1955 the time required for transfer of an automobile and issuance of a new registration card therefor by the registrar of motor vehicles was approximately 8 days. Bloom testified that in the ordinary course of business upon the sale of a car on a conditional sales contract the title and registration card was promptly placed in the name of the purchaser. He failed to explain why the 1937 Plymouth had not been thus transferred to Gage at any time after it had been sold to the latter. He testified that the purchase price of the Plymouth had been fully paid by Gage, but the ledger sheets of Broadway Motors, Inc., revealed that payments were still due on the contract of purchase covering the car.

Gage testified that he had not been employed by Broadway Motors, Inc., subsequent to April 22, 1955, but there was evidence that when he returned the title card of the 1941 Chevrolet on April 26, 1955, he had worked on that date. He testified that he had paid for the car in full but admitted that he never attempted to procure its transfer or to have the registrar of motor vehicles issue a new registration card evidencing such ownership.

In Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582; Bolton-Swanby Co. v. Owens, 201 Minn. 162, 275 N. W. 855; and Holmes v. Lilygren Motor Co. Inc. 201 Minn. 44, 275 N. W. 416, this court established the rule that registration of an automobile under M. S. A. 168.15[1] establishes prima facie that the registrant is the owner of the automobile described in such registration, but evidence may be submitted to the effect that actual ownership may be in a person or a

[1]Section 168.15 provides in part: "* * * Upon the transfer of any motor vehicle by a manufacturer or dealer, for use within the state, whether by sale, lease, or otherwise, such manufacturer or dealer shall, within seven days after such transfer, file with the registrar a notice or report containing the date of such transfer, a description of such motor vehicles, and the name, street and number of residence * * * of the transferee, and shall transmit therewith the transferee's application for registration thereof."

corporation other than the one described in such registration so as to create a fact question on the issue of ownership. In Holmes v. Lilygren Motor Co. Inc. *supra,* we held that evidence of possession and use would not of itself dispose of the question of ownership. In Flaugh v. Egan Chevrolet, Inc. *supra,* we held that, where a party had registered a car in his name, his testimony that such registration was to prevent the car's transfer by an alleged vendee thereof, plus evidence casting doubt upon his testimony that such vendee, an employee of the registrant, had paid for the car out of commissions due him from the registrant, made the question of ownership one for the jury's determination. Its determination of course would be governed by the rules relating to fair preponderance of evidence ordinarily applicable to fact questions.

■ The reason for the rule is obvious. Under § 168.15 it is not difficult for an automobile vendor to have title of the automobile sold transferred to the purchaser in the office of the registrar of motor vehicles and thus eliminate liability which ordinarily attaches to ownership. Accordingly, to support a determination that *as a matter of law,* regardless of registration, someone other than the registrant was the owner of an automobile would require conclusive evidence wherein there could be no doubt either because of questions relating to the credibility of witnesses or otherwise. Any other rule would materially weaken the purpose and effect of the Safety Responsibility Act, M. S. A. c. 170. In the instant case the evidence on this issue is far from conclusive. As the trial court stated:

"The jury might hold * * * without it being in the land of conjecture or guess, that this contract [conditional sale] was but a subterfuge to relieve the motor company of liability where one of its employees was using one of its cars. This proof would be predicated upon the fact that the company did not sign; that the company did not give the defendant a copy of the contract; it was not witnessed; it was not acknowledged; it was not filed, and the title was at no time transferred to the defendant, Gage, at the capitol, although the law is that the record title is held to be prima faciely the owner of the car."

In the light of the foregoing, we must conclude that the trial court was correct in submitting the issue of ownership to the jury.

■ Even though Broadway Motors, Inc., was the owner of the car involved, it was incumbent upon plaintiff to establish that at the time of the accident Gage, who was then driving the car, was doing so with the express or implied consent of such owner. Section 170.54 provides that if consent be established either expressly or by implication, the car operator shall be deemed the agent of the owner. Ewer v. Coppe, 199 Minn. 78, 271 N. W. 101. In construing this section, we have held that in itself proof of ownership established a prima facie case on the issue of consent, Ballman v. Brinker, 211 Minn. 322, 1 N. W. (2d) 365; Schultz v. Swift & Co. 210 Minn. 533, 299 N. W. 7, which would disappear in the face of evidence negativing the fact that such consent was given. Foster v. Bock, 229 Minn. 428, 39 N. W. (2d) 862.

Assuming that Broadway Motors, Inc., was the owner of the car, was there evidence to negative the prima facie case that Gage was driving it with the owner's express or implied consent at the time of the accident? The only evidence submitted on the question evolved from cross-examination of Bloom, president of Broadway Motors, Inc. Therein he was asked: "Then you had no objection that on the 7th day of May, 1955, that Mr. Gage was in fact driving that '37 Plymouth?" To this question he responded: "No, I wouldn't have no objection. It was his car." While this admission of consent was given on the claim, denied by the jury, that Broadway Motors, Inc., was not the owner of the car, and hence had no right to give or withhold consent, certainly it could not be regarded as negativing the prima facie case established on this issue by virtue of proof of ownership. Ballman v. Brinker, *supra;* Schultz v. Swift & Co. *supra.*

In view of the foregoing, we must hold that, under the evidence submitted and in line with the principles above expressed, the issues of ownership and consent were properly submitted to the jury and that its findings thereon are adequately sustained.

The order appealed from is affirmed.