SANDRA ROHLING, A MINOR, BY DONNA ROHLING, HER MOTHER AND NATURAL GUARDIAN, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY.

243 N. W. 2d 742.

June 25, 1976—No. 45703.

*Schermer, Schwappach, Borkon & Ramstead* and *Irvin E. Schermer,* for appellant.

*Fitzgerald & Crandall* and *Michael J. Fitzgerald,* for respondent.

PER CURIAM.

This is an appeal from a judgment entered in district court dismissing with prejudice an action brought by plaintiff to recover damages under an uninsured-motorist provision of an automobile liability insurance policy. The dismissal was based on an order by the trial court directing a verdict at the close of the evidence. We reverse.

Plaintiff was a passenger in a vehicle registered in the name of Frederick Britton and driven by his 19-year-old son, Mark, when it was involved in a collision. Because the other automobile involved in the accident was uninsured, plaintiff claimed coverage under the uninsured-motorist provision of an automobile liability policy issued by defendant insurer to Frederick Britton. Defendant denied coverage on two grounds, first, that Mark Britton and not Frederick Britton owned the vehicle in which plaintiff was a passenger, and second, that even if Frederick Britton owned the vehicle the policy contained a named-driver exclusion clause specifically excluding any vehicle driven by Mark Britton.

The parties stipulated that the issue of ownership would be tried by a six-man jury and if plaintiff prevailed on that issue, then the trial court would decide whether the named-driver exclusion effectively excluded coverage. Because the trial court directed a verdict against plaintiff on the issue of ownership, the court never reached the latter issue.

In directing the verdict the trial court accepted as true the tes-

timony of the father and son that although the title was in the father's name, in reality the car belonged to the son. We believe that in doing this the trial court erred. The rule is that on a motion for directed verdict the trial court accepts the view of the entire evidence most favorable to the adverse party. Hanson v. Homeland Ins. Co. 232 Minn. 403, 45 N. W. 2d 637 (1951). The fact that the testimony of the two was sufficient to rebut any "presumption" that the father as registrant was the owner does not mean that the conclusion that he was owner was no longer permissible by reasonable inference. See, Ryan v. Metropolitan Life Ins. Co. 206 Minn. 562, 289 N. W. 557 (1939). To hold otherwise would be to give conclusive effect to the testimony of the father and son, even though they were interested witnesses and some portions of their testimony were contradictory. Repeating what we said in Carey v. Broadway Motors, Inc. 253 Minn. 333, 336, 91 N. W. 2d 753, 755 (1958), "to support a determination that *as a matter of law*, regardless of registration, someone other than the registrant was the owner of an automobile would require conclusive evidence wherein there could be no doubt either because of questions relating to the credibility of witnesses or otherwise."

Reversed.