**Steven ARNESON, Respondent,**

v.

**INTEGRITY MUTUAL INSURANCE COMPANY, Appellant.**

**No. CX–83–1547.**

Supreme Court of Minnesota.

March 2, 1984.

---

Robert W. Holmen, St. Cloud, for appellant.

Michael J. Long, Glencoe, for respondent.

COYNE, Justice.

The defendant appeals from a summary judgment declaring that its plan of reparation security provides no-fault basic economic loss benefits to plaintiff, who was injured on October 18, 1981, when the 1972 Ford LTD in which he was riding left the road. The defendant contends that the named insured had sold the 1972 Ford LTD four or five days prior to the accident and that the defendant's policy terminated when the named insured ceased to own the automobile. Because the defendant has raised a genuine issue of material fact, we reverse and remand for trial.

On the date of the accident Helene Sjolie was the registered owner of the 1972 Ford LTD and the named insured in a plan of reparation security issued by Integrity Mutual Insurance Company (Integrity) and insuring the 1972 Ford LTD. Derek Farenbaugh, affianced to Helene Sjolie's daughter, was driving the Ford when the accident occurred.

Arneson, who is not an insured under any other plan of reparation security,[1] instituted this action for a declaratory judgment that Integrity was obligated to pay Arneson basic economic loss benefits by reason of the accident in which the Ford was involved. In its answer Integrity alleged that Sjolie had sold the vehicle to Farenbaugh prior to the accident and that the coverage afforded by its policy terminated at the time of the sale.

Both parties moved for summary judgment, Integrity buttressing its motion with statements of Sjolie and Farenbaugh, who assert that on October 13th or 14th Sjolie sold the car to Farenbaugh. According to the statements Farenbaugh made a down payment and took possession of the car, but Helene Sjolie did not then transfer title to Farenbaugh. She intended to retain title to the vehicle until the purchase price was paid in full. The trial court denied Integri-

---

1. Persons who are not insured under any plan of reparation security may, of course, be entitled to no-fault benefits pursuant to the assigned claims plan provided by Minn.Stat. § 65B.63 (1982).

ty's motion for summary judgment and granted Arneson's motion.

The Minnesota No-Fault Act defines the owner of a motor vehicle as "a person, other than a lienholder or secured party, who owns or holds legal title to a motor vehicle or is entitled to the use and possession of a motor vehicle subject to a security interest held by another person ...." Minn.Stat. § 65B.43, subd. 4 (1982). Arneson contends that mere registration of title in the name of Helene Sjolie creates an irrebutable presumption of ownership under both the No-Fault Act and the Motor Vehicle Certificate of Title Act, Minn.Stat. ch. 168A (1982),[2] and that, therefore, Sjolie, as owner, is subject to the compulsory insurance provision of the No-Fault Act. Minn.Stat. § 65B.48 (1982). Presumably, the title registration alone would also make Sjolie an "owner" for purposes of § 170.54, the Safety Responsibility Act.

■ We have held, however, that a party may introduce extrinsic evidence to rebut the presumption of ownership created when his name appears as the owner of a vehicle on the certificate of title. *Welle v. Prozinski*, 258 N.W.2d 912, 916 (Minn. 1977). Although compliance with the title transfer requirements establishes a conclusive presumption that a sale has taken place, noncompliance with the transfer provisions of § 168A.10 does not preclude the titleholder from presenting extrinsic evidence to establish that, although the title registration was unchanged, a sale had in fact occurred. *Id.* Although the rule set out in *Welle* was formulated to permit a noncomplying seller to demonstrate the actual facts of the transaction in order to avoid vicarious liability under § 170.54, we now hold that the rule is equally applicable for purposes of avoiding the compulsory insurance provisions of § 65B.48.

■ Integrity contends, on the other hand, that the unrefuted statements of Sjolie and Farenbaugh establish as a matter of law that Sjolie did not own the 1972 Ford LTD at the time of the accident and that, therefore, Integrity's policy was not in force when Arneson was injured. Although both parties characterize the statements as "affidavits," they are in fact unsworn statements which can hardly be said to support a motion for summary judgment even though unopposed by adverse affidavits. Minn.R.Civ.P. 56. Moreover, even though the testimony of buyer and seller may be sufficient to rebut the presumption of ownership raised by registration, their credibility is for the trier of fact and the conclusion that the self-professed seller is the owner is still permissible by reasonable inference. *Rohling v. American Family Mutual Ins. Co.*, 309 Minn. 258, 243 N.W.2d 742 (1976).

Reversed and remanded.

---

**2.** Owner is defined in Minn.Stat. § 168A.01, subd. 13 (1982) as "[a] person, other than a secured party, having the property in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security."