**BLC INSURANCE COMPANY, Appellant,**

v.

**Beverly Kay VIVENT, Defendant,**

**Miracle Motors, Respondent.**

**No. C4-84-978.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

Daniel D. Reisman, Minneapolis, for appellant.

Scott D. Eller, Best & Flanagan, Minneapolis, for respondent.

Heard, considered and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a judgment entered against BLC Insurance on its subrogation claim against Miracle Motors, which it alleged was the responsible owner of the automobile which struck the automobile of BLC's insured. The trial court found that, although Miracle Motors was owner of record on the certificate of title, it had transferred the car prior to the accident. We affirm.

## FACTS

On August 7, 1982, an accident occurred between an automobile driven by BLC's insured, Vicki Pinotti, and a vehicle driven by Beverly Vivent, and registered in the name of Miracle Motors. BLC paid insurance benefits to Pinotti in the amount of $2,575 and brought this subrogation action to recover the amount of its payment.

Although the certificate of title showed ownership of the Vivent vehicle by Miracle Motors, the company claimed that the vehicle had been sold to Annette Boisvert on July 29, 1982. Annette and her father, Sam Boisvert, who is the owner and sales manager of Miracle Motors, claimed that Annette paid $200 in cash on the 29th for the car, a 1974 Chevrolet Vega, and that the balance of the purchase price, $100, was discharged in forgiveness of a debt owed her by her father. Annette also paid $25 in transfer costs.

The Boisverts completed a purchase order for the sale of the Vega, dated July 29, 1982. The purchase order states that it is not valid "unless signed and accepted by Sales Manager or Officer of Company." Sam Boisvert, however, did not sign the order. He admitted at trial that he should have done so. Miracle Motors claims that the requirement of a signature on the purchase order form is intended for the company's protection where a sale is made by a salesman but requires front office approval. Sam Boisvert was both salesman and sales manager as well as owner.

The trial court found that Miracle Motors had not received the certificate of title from the state when Annette Boisvert took possession of the vehicle on July 29. Miracle Motors claims it was their practice to take a certificate of title into the local deputy registrar for transfer of title within 10 days of sale. The accident here, how-

ever, occurred within 10 days of the alleged sale.

Annette Boisvert did not apply for insurance on the car, because, she claims, she was leaving town for a two-week vacation, and did not anticipate the car would be used. She left the Vega with her former husband for repair work he had agreed to do, and claims not to have given him permission to drive the car. He loaned the car, nevertheless, to Ms. Vivent, the driver at the time of the accident.

## ISSUE

Was the trial court's finding that Miracle Motors was not the owner of the automobile at the time of the accident clearly erroneous?

## ANALYSIS

■ The liability of Miracle Motors for damages caused by the vehicle driven by Vivent is premised on the following provision of the Safety Responsibility Act:

Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.

Minn.Stat. § 170.54 (1982). Liability, therefore, requires both ownership and consent. Since we affirm the trial court's finding of lack of ownership, we do not reach the issue of consent.

■ The Certificate of Title Act places responsibility for effectuating the transfer of interest on the seller of the vehicle:

If an owner transfers his interest in a vehicle other than by the creation of a security interest, he shall at the time of the delivery of the vehicle execute an assignment and warranty of title to the transferee in the space provided therefor on the certificate or as the department prescribes.

Minn.Stat. § 168A.10, subd. 1 (1982).

Despite this statutory responsibility, it has been held that the certificate of title creates merely a rebuttable presumption of ownership, and that a transferor may avoid vicarious liability under the Safety Responsibility Act by presenting evidence as to the actual facts of the transaction. *Welle v. Prozinski*, 258 N.W.2d 912, 916 (Minn. 1977). The Supreme Court has recently reaffirmed this holding, and noted that whether the presumption has been rebutted is generally a question for the trier of fact. *Arneson v. Integrity Mut. Ins. Co.*, 344 N.W.2d 617, 619 (Minn.1984).

■ Miracle Motors presented the testimony of Boisvert and his daughter Annette, as well as the unsigned purchase order, to rebut the presumption of ownership and show the intent of the parties to transfer ownership prior to the accident. While the credibility of this testimony could be challenged based on the relationships among the parties, and Miracle Motors' interest in avoiding liability, this is an argument properly addressed to the trial court, as it was here. An appellate court must defer to the trial court's opportunity to view the witnesses and assess the credibility of their testimony. *See, Serbus' Estate v. Serbus*, 324 N.W.2d 381 (Minn.1982).

The facts of this case are not unlike those in *Gibeau v. Mayo*, 280 Minn. 170, 158 N.W.2d 589 (1968), where a used car dealer claimed to have sold a car to an employee, although the order form completed did not have the required authorization. The jury found that title had passed, and the Supreme Court affirmed, finding that the factual issue centered on the credibility of the witnesses. As the Court noted,

In this context, determining when the parties intended title to pass depended upon the jury's evaluation of the credibility of the witnesses and the persuasive force of their declarations, as well as upon the inferences to be drawn from the objective manifestations of their conduct and the documents submitted.

*Id.* at 175, 158 N.W.2d at 592.

■ We must assume that the trial court found the Boisverts' testimony to be credi-

ble. Viewing the evidence, therefore, in the light most favorable to the prevailing party, as this court must, *Thiesen's, Inc. v. Red Owl Stores, Inc.*, 309 Minn. 60, 243 N.W.2d 145 (1976), it was sufficient to support the finding of a transfer of ownership.

## DECISION

The evidence was sufficient to support the finding of a transfer of ownership and rebut the presumption of ownership arising from the certificate of title.

Affirmed.