Roopnarine John SINGH, Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, defendant
and Third-Party Plaintiff, Respondent
(C9–94–931) Appellant (C0–94–980),

v.

Marjorie Lynn RENEAU, Third-Party
Defendant, Appellant (C9–94–931)
Respondent (C0–94–980),

John R. Tiller, Third-Party Defendant,
Respondent.

Nos. C9–94–931, C0–94–980.

Court of Appeals of Minnesota.

Nov. 1, 1994.

Terrence R. Peterson, St. Paul, for Roop-
narine John Singh.

Emilio R. Giuliani, Martha K. Sieber, La
Bore & Giuliani, Ltd., Hopkins, for State
Farm Mut. Auto. Ins. Co.

James M. Lehman, Victor E. Lund, Maho-
ney, Doherty and Mahoney, P.A., Minne-
apolis, for Marjorie Lynn Reneau.

H. Rick Fritz, Michael F. Swensen, Rose-
ville, for John R. Tiller.

Considered and decided by PETERSON,
P.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Appellants Marjorie Reneau and State
Farm Mutual Automobile Insurance Compa-
ny (State Farm) challenge entry of summary
judgment in favor of respondent John Tiller
in State Farm's action against Tiller and
Reneau for indemnity or contribution. Be-
cause there are factual issues in dispute re-

garding whether Reneau or Tiller was the owner of the car involved in an accident with respondent Roopnarine John Singh, we reverse and remand for further proceedings consistent with this opinion.

## FACTS

Singh and Reneau were involved in a car accident in which Singh was injured. After the accident Reneau indicated to police that the owner of the 1981 Ford Escort she was driving was Tiller (her stepfather). She later indicated to Tiller's insurer, American Family Insurance Company (American Family), that she owned no cars of her own and that Tiller was the owner of the car she was driving.

Singh sued Reneau, as the driver, and Tiller, as the owner, for injuries sustained in the accident. Reneau and Tiller offered Singh the $30,000 liability limit of Tiller's policy with American Family. Singh then sued State Farm, his own insurer, for underinsured motorist (UIM) benefits.[1] When State Farm brought a third-party complaint against Reneau and Tiller for indemnity or contribution, Tiller moved for summary judgment, alleging that he was not the owner of the vehicle on the date of the accident.

Tiller and Reneau agreed that on Christmas Eve 1985 Tiller signed the certificate of title to the Escort and gave it, along with the car's only set of keys, to Reneau as a Christmas present, and that Reneau planned to transfer title and obtain her own insurance on the car within the next seven days. Tiller was the registered owner of the vehicle on the date of the accident, December 28, 1985. The certificate of title was not presented to the trial court.

The trial court determined that Reneau was the owner of the vehicle on the date of the accident and therefore granted Tiller's motion for summary judgment.

## ISSUE

Do genuine issues of material fact exist regarding who owned the vehicle on the date of the accident?

## ANALYSIS

On appeal from summary judgment, this court must decide whether there are any genuine issues of material fact in dispute, and whether the district court erred in its application of the law. *Admiral Merchants v. O'Connor & Hannan*, 494 N.W.2d 261, 265 (Minn.1992). The reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

Minnesota Statute section 168A.10 states:

> If an owner transfers his interest in a vehicle other than by the creation of a security interest, he shall at the time of the delivery of the vehicle execute an assignment and warranty of title to the transferee. * * * [T]he transferor shall also * * * state the true cumulative mileage registered on the odometer or that the actual mileage is unknown if the odometer reading is known by the transferor to be different from the true mileage. The transferor shall cause the certificate and assignment to be mailed or delivered to the transferee or to the department.

Minn.Stat. § 168A.10, subd. 1 (1984).[2] Subdivision 5 further states:

> [A]n owner who has delivered possession of the vehicle to the transferee and has complied, or within 48 hours after such delivery does comply, with the provisions of this section requiring action by him is not liable as owner for any damages resulting from operation of the vehicle after the delivery of the vehicle to the transferee.

Minn.Stat. § 168A.10, subd. 5 (1984).

In awarding summary judgment to Tiller, the trial court concluded that, indisputably, Tiller had complied with the statute and was no longer the owner of the Escort. We believe, however, that the trial court engaged in fact finding and that the question

1. State Farm substituted its check to preserve subrogation under *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983).

2. In 1986 the statute was amended to make it gender neutral; otherwise this portion of the statute remains the same.

of ownership of the Escort is not one that could be answered at a summary judgment hearing.

We agree with State Farm that the evidence of ownership is conflicting. After the accident Reneau initially indicated that Tiller was the owner of the car. Although Tiller and Reneau now maintain that the certificate of title was executed and the keys transferred to Reneau four days before the accident, the certificate of title has not been produced.

■ On a motion for summary judgment, the district court cannot simply accept as true the testimony of interested witnesses where that testimony is challenged by the party against whom summary judgment was granted. *See Rohling v. American Family Mut. Ins. Co.,* 309 Minn. 258, 260, 243 N.W.2d 742, 743 (1976) (trial court must accept the view of the entire evidence most favorable to the adverse party).

> [T]o support a determination that *as a matter of law,* regardless of registration, someone other than the registrant was the owner of an automobile would require conclusive evidence wherein there could be no doubt either because of questions relating to the credibility of witnesses or otherwise.

*Id.* (quoting *Carey v. Broadway Motors, Inc.,* 253 Minn. 333, 336, 91 N.W.2d 753, 755 (1958)).

The posture of this case at the time of the summary judgment hearing was similar to that in *Rohling.* In that case, as here, ownership of a car was in issue; father and son both testified that "although title was in the father's name, in reality the car belonged to the son." *Id.* at 259–60, 243 N.W.2d at 743. In reversing a directed verdict which reflected the trial court's acceptance of the testimony of the father and son as true, the supreme court stated:

> The fact that the testimony of [father and son] was sufficient to rebut any "presumption" that the father as registrant was the owner does not mean that the conclusion that he was owner was no longer permissi-

ble by reasonable inference. To hold otherwise would be to give conclusive effect to the testimony of the father and son, even though they were interested witnesses and some portions of their testimony were contradictory.

*Id.* at 260, 243 N.W.2d at 743 (citation omitted).

As did the court in *Rohling,* we remand this matter for a determination of ownership, either at trial where the credibility of witnesses will be tested by the fact finder or, alternatively, by presentation of conclusive evidence that someone other than Tiller owned the vehicle at the time of the accident.

We believe that conclusive evidence of ownership may be shown through production of a title certificate properly executed according to the provisions of Minn.Stat. § 168A.10. If, on remand, such title is produced, the trial court need inquire no further, and we believe that summary judgment would be appropriate. In so concluding, we reject Reneau's argument that section 168A.10 does not apply to intrafamily transfers (by gift or sale) and her contention that the parties' intent as to when title would pass must be ascertained. We find neither a subjective intent element nor an exclusion for intrafamily transfers in the statute. This court cannot supply that which the legislature has not provided. *See Wallace v. Commissioner of Taxation,* 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971) ("courts cannot supply that which the legislature purposely omits or inadvertently overlooks"); *Tereault v. Palmer,* 413 N.W.2d 283, 286 (Minn.App.1987) ("the task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court"), *pet. for rev. denied* (Minn. Dec. 18, 1987).

Finally, if upon remand the parties do not produce a certificate executed according to the provisions of Minn.Stat. § 168A.10, the rationale set forth in *Rohling* will apply and the question of ownership must be answered by the fact finder.

**DECISION**

Because genuine issues of material fact exist regarding ownership of the vehicle, summary judgment was improper.

Reversed and remanded for further proceedings consistent with this opinion.