*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2033**

First American Title Insurance Company,
Respondent,

vs.

Wayne B. Holstad, et al.,
Appellants.

**Filed July 25, 2016
Affirmed
Kirk, Judge**

Washington County District Court
File No. 82-CV-15-2428

Mark E. Greene, Brooke C. Nelson, Bernick Lifson, P.A., Minneapolis, Minnesota (for respondent)

Frederic W. Knaak, Holstad & Knaak, PLC, St. Paul, Minnesota (for appellants)

Considered and decided by Larkin, Presiding Judge; Connolly, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

In this appeal from summary judgment in favor of respondent First American Title Insurance Company (First American), appellants Wayne B. Holstad and Julie D. Holstad, husband and wife, argue that the district court erred by concluding that a transfer of a 2008 Mercedes Benz from Wayne to Julie was a constructive fraudulent transfer under Minn.

Stat. § 513.45(a) (2014)[1] and that Wayne was the owner of the Mercedes at the time of the transfer. Appellants also argue that there are genuine issues of material fact as to whether there was fraudulent intent and as to the market value of the Mercedes. We affirm.

**D E C I S I O N**

On appeal from summary judgment, we review de novo and determine "whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). "[W]e view the evidence in the light most favorable to the nonmoving party . . . and resolve all doubts and factual inferences against the moving part[y]." *Rochester City Lines, Co. v. City of Rochester*, 868 N.W.2d 655, 661 (Minn. 2015). A genuine issue of material fact exists if reasonable persons might draw different conclusions based on the evidence presented. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 70 (Minn. 1997).

I.      **The transfer of the Mercedes from Wayne to Julie was a constructive fraudulent transfer under Minn. Stat. § 513.45(a).**

"Statutory interpretation is a question of law, which we review de novo." *State v. Jones*, 848 N.W.2d 528, 535 (Minn. 2014). If the language of a statute is unambiguous, our role is to apply the plain meaning of the statute.[2] *Id.*

---

[1] "In 2015, the Minnesota Uniform Fraudulent Transfer Act was amended to the Minnesota Uniform Voidable Transactions Act." *Landmark Cmty. Bank, N.A. v. Klingelhutz*, 874 N.W.2d 446, 448 n.1 (Minn. App. 2016) (citing Minn. Stat. §§ 513.41-.51 (Supp. 2015)), *review denied* (Minn. Apr. 27, 2016). Because the effective date and application of the amendments do not apply to a transfer made before August 1, 2015, the amended statute does not apply to this case. *Id.* (citing 2015 Minn. Laws, ch. 17, § 13).
[2] At oral argument, appellants argued that the statutes in question are ambiguous, but we discern no ambiguity.

Minn. Stat. § 513.45(a) provides:

> A transfer made . . . by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer[.]

"Creditor" is defined as "a person who has a claim," and "claim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Minn. Stat. § 513.41(3), (4) (2014). "A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets, at a fair valuation." Minn. Stat. § 513.42(a) (2014).

Appellants argue that the district court erred by concluding that the transfer of the Mercedes from Wayne to Julie was a constructive fraudulent transfer under Minn. Stat. § 513.45(a) because, at the time of the transfer, First American was not a present creditor and Wayne was not insolvent. We disagree. Two months before the transfer of the Mercedes, First American sued Wayne personally. *First Am. Title Ins. Co. v. Nat'l Title Res. Corp.*, No. A15-0664, 2016 WL 363477 at *1 (Minn. App. Feb. 1, 2016). Therefore, under the plain language of Minn. Stat. § 513.41(3), (4), First American was a present creditor at the time of the transfer because it had a claim against Wayne, even if disputed. In addition, the evidence in the record shows that Wayne's total assets at the time of the transfer were valued at $260 and his liabilities exceeded $500,000. Therefore, under the plain language of Minn. Stat. § 513.42(a), Wayne was insolvent at the time of the transfer because his debts were greater than his assets.

**II.    Wayne was the owner of the Mercedes at the time of the transfer.**

Under Minnesota law, there is a conclusive presumption that the person listed as the owner on a vehicle's certificate of title is the owner of the vehicle. *Am. Nat. Gen. Ins. Co. v. Solum*, 641 N.W.2d 891, 899 (Minn. 2002). This presumption has two narrow exceptions. First, a party may seek to prove ownership contrary to a certificate of title if "a transferor who had not complied with the transfer provisions of the Motor Vehicle Act [is] attempting to avoid vicarious liability." *Id.* at 896-97; *see also Welle v. Prozinski*, 258 N.W.2d 912, 916 (Minn. 1977). Second, a party may seek to prove ownership contrary to a certificate of title to avoid the compulsory provisions of the Minnesota No-Fault Act. *Solum*, 641 N.W.2d at 897-98; *see also Arneson v. Integrity Mut. Ins. Co.*, 344 N.W.2d 617, 619 (Minn. 1984).

Appellants argue that the district court erred in relying on *Solum* and applied it too broadly. We disagree. The fact that Wayne's name was on the title is conclusive evidence that he was the owner of the Mercedes because neither of the exceptions identified in *Solum* are applicable. *Solum*, 641 N.W.2d at 896-99. "[T]he underlying claim does not require a determination of rights and responsibilities relating to the uninsured motorist coverage," and "this is not a case in which the seller is attempting to avoid liability under the Safety Responsibility Act." *Auto-Owners Ins. Co. v. Forstrom*, 684 N.W.2d 494, 498-99 (Minn. 2004). Therefore, Wayne was the owner of the Mercedes at the time of the transfer.

**III.    There are no genuine issues of material fact.**

Appellants argue that there are genuine issues of material fact as to whether there was any fraudulent intent and as to the market value of the Mercedes. We conclude that,

although these may be disputed facts, they are not material.  The issue of whether there was actual intent to hinder, delay, or defraud a creditor under Minn. Stat. § 513.44 (2014) does not need to be addressed because the transfer of the Mercedes from Wayne to Julie was a constructive fraudulent transfer under Minn. Stat. § 513.45(a).  In addition, the market value of the Mercedes is not a material fact because the parties agreed that Julie did not provide any value or consideration for the transfer of the Mercedes.

In sum, we conclude that the transfer of the Mercedes from Wayne to Julie was a constructive fraudulent transfer under Minn. Stat. § 513.45(a), Wayne was the owner of the Mercedes at the time of the transfer, and there are no genuine issues of material fact. The district court properly granted summary judgment in favor of First American.

**Affirmed.**