James B. RIDLER, Appellant,

v.

Vicki Rose MADSEN, Respondent,

Renville County, Respondent,

Lawrence Mahoney, et al., Respondents,

John Doe, Respondent.

No. C1-96-2564.

Court of Appeals of Minnesota.

July 1, 1997.

Review Denied Aug. 26, 1997.

Wilbur W. Fluegel, Wentzel & Fluegel, Minneapolis, James F. Lord, Miles W. Lord & Associates, Chanhassen, for Appellant.

Eric Bartsch, James Olson, Behrens, Rodenberg & O'Connor, New Ulm, for Respondent Vicki Rose Madsen.

Arvid Wendland, Wendland & Alm, Blue Earth, for Respondent Renville County.

Kevin F. Gray, Rajkowski Hansmeier Ltd., St. Cloud, for Respondents Lawrence Mahoney, et al.

William A. Moeller, Mark S. Ullery, Gislason, Dosland, Hunter & Malecki, P.L.L.P., New Ulm, for Respondent Steven Madsen.

Considered and decided by NORTON, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

PETERSON, Judge.

In this personal injury lawsuit involving a motor vehicle driven by respondent and owned jointly by respondent and her husband, the district court denied appellant's motion to add respondent's husband as a defendant. We affirm the court's decision that Minnesota's Safety Responsibility Act does not make respondent's husband liable for respondent's actions while driving the vehicle.

## FACTS

Appellant James Ridler was involved in a motor vehicle accident with respondent Vicki Madsen. Ridler suffered extensive injuries, and he sued Madsen and others allegedly responsible for the accident.

At the time of the accident, Vicki Madsen was driving her automobile in the course and scope of her employment with Renville County. Madsen claimed vicarious immunity from any damages exceeding the insurance limits available to her and the county.

Discovery revealed that Madsen's automobile was owned jointly by her and her husband, Steven Madsen. The Madsens' liability insurer tendered its limits of $250,000. Additional discovery revealed that Steven Madsen had personal assets, and Ridler moved to add him as a defendant, claiming that as a co-owner of the automobile, he was liable for Vicki Madsen's alleged negligence pursuant to Minnesota's Safety Responsibility Act. The district court denied Ridler's motion to add Steven Madsen as a defendant.

## ISSUE

Does the Safety Responsibility Act make Steven Madsen liable for Vicki Madsen's negligence while driving a jointly owned motor vehicle?

## ANALYSIS

The Safety Responsibility Act provides:

Whenever any motor vehicle shall be operated within this state, by **any person other than the owner**, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.

Minn.Stat. § 170.54 (1996) (emphasis added).

The construction of the Safety Responsibility Act is a question of law that is "fully reviewable" by this court. *See Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). If the language in the act is unambiguous, there is no room for statutory construction. *City of Minneapolis v. Village of Brooklyn Ctr.*, 223 Minn. 498, 501, 27 N.W.2d 563, 565 (1947). Ultimately, we must "give effect to the legislative intent." *Christensen v. Hennepin Trans. Co.*, 215 Minn. 394, 409, 10 N.W.2d 406, 415 (1943).

The district court concluded that the act does not apply to the situation where a husband and wife jointly own a motor vehicle. The court explained:

"[A]ny person other than the owner" does not refer to a co-owner of a vehicle but instead refers to a non-owner. This reading is supported by the "consent of the owner" requirement for application of the statute. A co-owner does not need consent of the other co-owner before using the vehicle.

This construction of the act is consistent with the statutory definition of an "owner" of a motor vehicle as a person who owns or holds legal title to the vehicle. Minn.Stat. § 65B.43, subd. 4 (1996). *See Arneson v. Integrity Mut. Ins. Co.*, 344 N.W.2d 617, 619 (Minn.1984) (stating presumption (although rebuttable) that title registration alone would prove "owner" of motor vehicle for purposes of Safety Responsibility Act). Accordingly, Vicki Madsen was an "owner" of the automobile involved in the accident, because Vicki Madsen and Steven Madsen were both registered owners on the vehicle's title. As an "owner" of the automobile, Vicki Madsen was not a person "other than the owner" and was not Steven Madsen's presumed agent pursuant to the Safety Responsibility Act.

The supreme court has previously addressed co-ownership of a vehicle for purposes of the Safety Responsibility Act. In *Kangas v. Winquist,* 207 Minn. 315, 291 N.W. 292 (1940), a business partnership owned a truck that was registered in the company's name. One partner took the truck on a fishing trip. The other partner consented to the first partner's use of the truck on the fishing trip. While returning from the fishing trip, the truck was involved in an accident. The partner who was driving the truck was killed, and two guests were injured. The guests sought recovery for their injuries from the surviving partner, and both obtained favorable verdicts.

The *Kangas* court stated that the Safety Responsibility Act "is aimed at imposing liability on those who have ownership and the power or right to prevent use of the vehicle." *Id.* at 318, 291 N.W. at 294. The court held that the surviving partner was liable for the guests' injuries because he had the right to prevent the personal use of the truck by withholding his consent, but he did not refuse consent. *Id.*

The court explained that there is a distinction between a partner's personal use of a vehicle owned by a partnership, which requires consent from the other partner, and a joint tenant's use of a vehicle owned in joint tenancy, which does not require consent of the other joint tenant. *Id.* at 318–19, 291 N.W. at 294. This distinction is critical here. Vicki Madsen, as a joint owner of the vehicle, had the right to use the vehicle without Steven Madsen's consent. Therefore, under the reasoning in *Kangas,* Steven is not liable for injuries caused by Vicki's use of their jointly owned vehicle because he could not have prevented her use of the vehicle by refusing to consent to the use.

This conclusion is supported by a law review note written shortly after the enactment of the Safety Responsibility Act in 1933:

> [B]ecause a co-owner of an automobile ordinarily has no power to grant or withhold from the other co-owner permission to use or operate the vehicle, it is generally agreed that one co-owner cannot be held liable, under the statutes, for damages caused by the negligent driving of the other.

Note, *Automobiles—Statutory Liability of Owner for the Negligence of Persons Operating Automobiles with the Owners' Consent,* 21 Minn. L.Rev. 823, 829 (1936–37).

## DECISION

The Safety Responsibility Act does not make Steven Madsen liable for Vicki Madsen's negligent operation of the automobile they owned jointly because Vicki Madsen's use of the vehicle was not use by a person "other than the owner."

**Affirmed.**