*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1215**

Enoch Klingbeil,
Appellant,

vs.

Krystal Lee Ramfjord, et al.,
Respondents.

**Filed March 14, 2016
Affirmed
Bjorkman, Judge**

St. Louis County District Court
File No. 69DU-CV-15-693

John Vukelich, Vukelich & Malban, PLLC, Duluth, Minnesota (for appellant)

Michael Joseph McNamara, American Family Insurance, Eden Prairie, Minnesota (for respondents)

Considered and decided by Halbrooks, Presiding Judge; Bjorkman, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges summary judgment dismissing this motor-vehicle negligence action, arguing that the district court erred by dismissing the claims against one respondent based on insufficient service of process and by determining that the other respondent is not

liable for injuries sustained during an accident caused by the negligence of his vehicle's co-owner. We affirm.

## FACTS

Respondents Krystal Ramfjord and Peter Ramfjord are siblings and co-owners of a motor vehicle. On July 8, 2008, the vehicle was involved in a collision with appellant Enoch Klingbeil's vehicle. Krystal was the driver and sole occupant of the Ramfjord vehicle at the time of the accident. Klingbeil sued the Ramfjords, alleging that the accident resulted from Krystal's negligence for which Peter is vicariously liable because Krystal drove the motor vehicle with his permission. On June 27, 2014, Klingbeil personally served the summons and complaint on Peter at his home in Iron. The process server also attempted to serve Krystal by handing her copy of the pleadings to Peter. But Peter advised the process server that Krystal did not live there. On July 14, the Ramfjords interposed an answer, asserting that the complaint failed due to insufficient service of process.

Nine months later, the Ramfjords moved for summary judgment. They argued that Krystal was entitled to dismissal due to lack of service and that Peter is not liable under the Minnesota Safety Responsibility Act, Minn. Stat. § 169.09, subd. 5a (2014), because Krystal also owned the vehicle. Klingbeil conceded that Krystal was entitled to dismissal of the claim against her due to lack of service. But he argued that disputed material facts preclude summary judgment as to Peter.

The district court granted the Ramfjords' motion. The district court first noted Klingbeil's acknowledgment that Krystal was not properly served. With her dismissal, the relevant question became whether Peter is liable for her actions under the Minnesota Safety

2

Responsibility Act (the act). The district court ruled that Peter is not liable because the act only imposes vicarious liability on a vehicle owner for the negligence of a driver "other than the owner." Klingbeil appeals.

**D E C I S I O N**

On appeal from summary judgment, we review de novo whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013). "We view the evidence in the light most favorable to the party against whom summary judgment was granted." *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002). A genuine issue of material fact exists when there is sufficient evidence that could lead a rational trier of fact to find for the nonmoving party. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997).

I. **Klingbeil's claim against Krystal fails as a matter of law because service was ineffective.**

A civil action is commenced when the summons and complaint are served on each defendant. Minn. R. Civ. P. 3.01, 3.02. Minn. R. Civ. P. 4.03(a) provides that personal service shall be made "[u]pon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." "[U]sual place of abode means present place of abode." *Lundgren v. Green,* 592 N.W.2d 888, 891 (Minn. App. 1999), *review denied* (Minn. July 28, 1999) (quotation and quotation marks omitted). To be effective, "[s]ervice of process must accord strictly with statutory requirements." *Id.* at 890

(quotation omitted).  We review the effectiveness of service de novo.  *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008).

Klingbeil argues that summary judgment is inappropriate because the district court failed to make findings as to Krystal's usual place of abode.  We disagree.  The unchallenged evidence shows that Krystal did not live at the address at which Klingbeil attempted to effectuate substitute service.  The certificate of service indicates that Peter informed the deputy that Krystal did not live with him at that address, but rather lived in Eveleth.  Krystal's affidavit filed in support of her summary-judgment motion avers that she lived on Summit Street in Eveleth on the attempted service date, and that she had not lived with her brother in Iron since December 2013.  Klingbeil did not initiate discovery regarding the service issue or challenge the evidence of Krystal's residence in Eveleth.

The undisputed evidence shows that the address at which Klingbeil attempted to serve Krystal was not her usual place of abode.  Because substitute service on Peter was ineffective, Krystal is entitled to summary dismissal of Klingbeil's claim against her.

## II.    Peter is not vicariously liable for Krystal's negligent operation of the co-owned vehicle.

Klingbeil's complaint alleges that at the time of the accident Krystal "was operating a vehicle owned by Defendant Peter Jordan Ramfjord with permission from the owner." This allegation is consistent with a claim against the owner of a vehicle based on the act. The act states:

> Driver deemed agent of owner.  Whenever any motor vehicle
> shall be operated within this state, by any person other than the
> owner, with the consent of the owner, express or implied, the

4

> operator thereof shall in case of accident, be deemed the agent
> of the owner of such motor vehicle in the operation thereof.

Minn. Stat. § 169.09, subd. 5a. The parties dispute the meaning of the phrase "by any person other than the owner," and direct us to consider two appellate court decisions. *Kangas v. Winquist*, 207 Minn. 315, 291 N.W. 292 (1940), and *Ridler v. Madsen*, 565 N.W.2d 38 (Minn. App. 1997), *review denied* (Minn. Aug. 26, 1997).

Klingbeil argues that *Kangas* is controlling and compels the determination that Peter is liable for Krystal's negligence under the act. We are not persuaded. In *Kangas*, the vehicle involved in the accident was owned by a partnership. 207 Minn. at 316, 291 N.W. at 293. At the time of the accident, one of the partners was using the vehicle for a personal trip that was unconnected with partnership business. *Id.* The injured passengers sued the surviving partner. *Id.* at 315-16, 291 N.W. at 293. The surviving partner argued that he and the deceased partner co-owned the vehicle as joint tenants, but the supreme court determined that the vehicle was owned by the partnership. *Id.* at 319, 291 N.W. at 295. The supreme court noted that "the [act] is aimed at imposing liability on those who have ownership and the power or right to prevent use of the vehicle." *Id.* at 318, 291 N.W. at 294. Because the vehicle was owned by the partnership, and not by the partners in co-ownership as joint tenants, one partner could not use the partnership vehicle for a personal trip without the consent of the other partner. *Id.* at 317-19, 291 N.W. at 294-95. The supreme court determined that the surviving partner could have prevented the deceased partner from using the partnership vehicle, and because of his "failure to do so . . . liability must follow under the [act]." *Id.* at 317, 291 N.W. at 294.

The Ramfjords argue that *Ridler* governs the outcome of this case. We agree. In *Ridler*, this court considered whether a husband was liable under the act for his wife's negligent operation of a vehicle they jointly owned. 565 N.W.2d at 39. We determined that the husband could not be held liable because as a co-owner of the vehicle, his wife's use was not use of the vehicle by a person "other than the owner." *Id.* at 40. And we noted that it was "critical" that the husband and wife were co-owners of the vehicle, because as a co-owner the wife did not need the husband's consent to use the vehicle, and in fact the husband could not have prevented her use of the vehicle by withholding consent. *Id.* Therefore, the reasoning in *Kangas* that the act "is aimed at imposing liability on those who have ownership and the power or right to prevent use of the vehicle" did not support holding the husband liable. *Id.* (quoting *Kangas,* 207 Minn. at 318, 291 N.W. at 294).

Klingbeil argues that we should decline to follow *Ridler* because it was wrongly decided. But we are bound by the published opinions of this court. *State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010), *review denied* (Minn. Sept. 21, 2010). Like the husband and wife in *Ridler*, Krystal and Peter co-own the vehicle. Accordingly, Peter could not have prevented Krystal from using the vehicle on the day of the accident. Given her status as a co-owner, Krystal's use of the vehicle was not use by a person "other than the owner." *Ridler*, 565 N.W.2d at 40.[1]

---

[1] At oral argument, Klingbeil also asserted that Peter's ownership interest in the vehicle created a basis for liability apart from the act. But Klingbeil cited no legal authority for this assertion. Moreover, if ownership status were sufficient to create liability, the act would be unnecessary.

In sum, Peter is not vicariously liable for damages caused by Krystal's negligent operation of the vehicle that they co-own. Klingbeil's claim against him fails as a matter of law.

**Affirmed.**